■ In the Matter of RICHARD MUSILLI, Appellant, v NEW YORK STATE AND LOCAL POLICE AND FIRE DEPARTMENT SYSTEM et al., Respondents. [672 NYS2d 151] —Carpinello, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered September 8, 1997 in Albany County, which, in a proceeding pursuant to

---

CPLR article 78, granted respondents' motion to dismiss the petition as time barred.

Claiming to have suffered a disabling injury as a result of his firefighting activities, petitioner applied to respondent New York State and Local Police and Fire Retirement System for performance of duty disability retirement benefits (see, Retirement and Social Security Law § 363 [c]). By letter dated February 4, 1997, petitioner's attorney was notified that respondent Comptroller denied the application. The letter further advised the attorney of petitioner's right to challenge the determination within four months. By a separate letter dated February 19, 1997, addressed to petitioner personally, petitioner was advised of the Comptroller's denial of his application and that he had "four months from the date of *this* letter to commence a proceeding" (emphasis supplied).

The sole issue on this appeal is the propriety of Supreme Court's judgment dismissing the instant CPLR article 78 proceeding, which was commenced on June 18, 1997, as time barred. Since petitioner commenced this proceeding within four months of the February 19, 1997 letter, Supreme Court erred in granting respondents' motion to dismiss the petition as untimely (see, CPLR 217). Any ambiguity or uncertainty created by a public body concerning when a determination becomes "final and binding" (CPLR 217) should be resolved against that body (see, e.g., *Mundy v Nassau County Civ. Serv. Commn.*, 44 NY2d 352, 357; *Matter of Castaways Motel v Schuyler*, 24 NY2d 120, 126-127). While the initial letter to petitioner's attorney was clearly a "final and binding" determination within the meaning of CPLR 217, the second letter, which was dated 15 days later and affirmatively represented that petitioner had four months from that date to commence a proceeding challenging the Comptroller's determination, created an ambiguity as to when the Statute of Limitations began to run.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and motion denied.