■ In the Matter of JOHN J. HASKINS, Respondent, v LAWYERS FUND FOR CLIENT PROTECTION, Appellant, et al., Respondent. [729 NYS2d 499] —In a proceeding pursuant to CPLR article 78 to review a determination of the Lawyers' Fund for Client Protection of the State of New York, dated July 20, 1999, which denied the petitioner's application for reimbursement of funds allegedly misappropriated by an attorney, the Lawyers' Fund for Client Protection of the State of New York appeals from a judgment of the Supreme Court, Suffolk County (Oshrin, J.), entered May 18, 2000, which annulled its determination and directed it to reimburse the claimant in the amount of $20,000.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

Judiciary Law § 468-b (4) states that "the board of trustees [of the Lawyers' Fund for Client Protection] shall have the sole discretion to determine the merits of claims presented for reimbursement, the amount of such reimbursement and the terms under which such reimbursement shall be made." Further, claims made to the Lawyers' Fund for Client Protection for losses resulting from a financial transaction with an attorney that did not occur within the attorney-client relationship are not eligible for reimbursement (*see*, 22 NYCRR 7200.8 [d]). In reviewing the determination of the board of trustees regarding a claim for reimbursement, "[i]t is well settled that a court may not substitute its judgment for that of the board or body it reviews *unless* the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion" (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 232; *Matter of Diocese of Rochester v Planning Bd.*, 1 NY2d 508, 520). Here, the board of trustees determined that the claimant, John J. Haskins, failed to provide sufficient evidence that the attorney Eric Lazarus misappropriated the $20,000 given to him by Haskins' father. Lazarus presented evidence that the $20,000 check was for a debt owed to him by Haskins, and not for any purpose within the attorney-client relationship. In contrast, Haskins presented evidence that the $20,000 check was for his restitution stemming from grand larceny charges against him

upon which Lazarus was representing him. Because the scenarios presented by both sides were reasonable, and neither party presented evidence which clearly demonstrated what the $20,000 check was actually for, the determination by the board of trustees was not arbitrary or capricious. Thus, the Supreme Court erred in annulling the board's determination. Goldstein, J. P., Friedmann, McGinity and Adams, JJ., concur.