[756 NYS2d 220]

In the Matter of JEFFREY I. KLEIN (Admitted as JEFFREY IRA KLEIN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 21, 2003

### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Gary D. Egerman* of counsel), for petitioner.

*Richard E. Grayson*, White Plains, for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing six

charges of professional misconduct. Charges Five and Six were subsequently withdrawn. After a hearing, the Special Referee sustained Charges One through Four. The petitioner now moves to confirm the report of the Special Referee. The respondent opposes the motion and asks the Court to refer the matter back to the petitioner for whatever action it deems appropriate. Alternatively, the respondent asks the Court to limit the sanction imposed to a public censure.

Charge One alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]):

The husband of Mayda Gottfried Abrams, prior to his death, was in the costume jewelry business with Robert Ziff. After her husband's death, Abrams loaned Ziff and his wife, Carol, $55,000. Ziff and his wife executed two promissory notes in 1994 in favor of Abrams in the amounts of $35,000 and $20,000, respectively. In May 1999, Ziff and his wife ceased making payments on the notes and Ziff closed the business.

Also in May 1999, Abrams retained the respondent to commence an action against the Ziffs based on their failure to pay the notes. On May 28, 1999, the respondent served a summons and verified complaint on the Ziffs. On June 10, 1999, the respondent served a summons and amended verified complaint on the Ziffs. The Ziffs failed to answer either the verified complaint or the amended verified complaint and failed to appear in the action. The respondent admitted that he misrepresented the status of the matter by leading Abrams to believe that he had entered a judgment when, in fact, he failed to do so.

Charge Two alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

Based on the Ziffs' failure to submit an answer or appear in the action, the respondent, on behalf of Abrams, was entitled to enter a default judgment in or about July 1999. The respondent acknowledged that he failed to enter the judgment until May 2000, and although it was timely entered, it was not done until Abrams requested that her file be forwarded to new counsel. The respondent started the action and made service of process in a timely manner, but claimed that entry of the judgment was a technical and ministerial act.

Charge Four alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

Walter M. Eidelkind, as a principal and/or officer of various corporations and partnerships, utilized the respondent's legal services over the years to handle numerous legal matters. In one case involving an insurance claim, the respondent acknowledges that he allowed the statute of limitations to lapse without commencing an action. When the respondent and Eidelkind realized what had occurred, they discussed the situation and the respondent acknowledged that he had made a mistake. The respondent and Eidelkind also discussed the value of the claims and the probable sum that Eidelkind would have recovered, and he was made whole by the respondent.

At the hearing, the petitioner's case consisted of the parties' stipulation, the testimony of Mayda Gottfried Abrams, and 12 exhibits. The respondent testified on his own behalf, called three character witnesses, and produced seven exhibits that were introduced into evidence. At the conclusion of the hearing, the Special Referee sustained all four charges.

Based on the evidence adduced at the hearing, Charges One, Two, and Four were properly sustained by the Special Referee. Charge Three, however, should not have been sustained.

The respondent's prior disciplinary history consists of two letters of admonition and a letter of caution for, among other things, neglecting legal matters entrusted to him.

In determining the appropriate measure of discipline to impose, the respondent asks the Court not to consider the letter of caution and the letter of admonition that was issued in 1994. He asks the Court to consider the testimony of his three character witnesses and to limit the sanction imposed to a public censure.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of one year.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FEUERSTEIN, JJ., concur.

Ordered that the motion to confirm the report of the Special Referee is granted to the extent that Charges One, Two, and Four are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent, Jeffrey I. Klein, is suspended from the practice of law for a period of one year, commencing February 21, 2003, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of that period of one year upon furnishing satisfactory proof that dur-

ing that period he (a) refrained from practicing or attempting to practice law, (b) has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Jeffrey I. Klein, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.