■ In the Matter of NORMAN I. SAFERSTEIN, Appellant, v LAWYERS' FUND FOR CLIENT PROTECTION, Respondent. [815 NYS2d 787]—

Spain, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered March 3, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying his claim for reimbursement.

Petitioner commenced this CPLR article 78 proceeding challenging respondent's denial of his request for reimbursement based on the alleged misconduct of his former attorney. By way of background, petitioner was assigned a mortgage in 1987 which, it was ultimately discovered, had been fraudulently altered in 1983 in that the name of the mortgagee had been changed after the mortgage was executed and prior to recording. After the mortgagor defaulted, petitioner and another mortgagee retained an attorney to represent them in a foreclosure action. That action was consolidated with five other actions arising from the same real estate transaction and tried in Supreme Court, Westchester County. During his examination of a witness at the trial, petitioner's attorney introduced a copy of the mortgage instrument which, the attorney ultimately confessed, he had altered as a ruse by changing the name of the mortgagee back to the name reflected on the original mortgage instrument. Supreme Court (DiNoto, J.) ultimately dismissed petitioner's complaint, finding that because the mortgage assigned to petitioner was fraudulently created before it was recorded in 1983, petitioner had no right to foreclose on it.

Petitioner's attorney failed to timely perfect an appeal from the judgment in the foreclosure action, prompting petitioner to commence a malpractice action against him. The attorney counterclaimed for legal fees. Ultimately, the attorney was awarded summary judgment dismissing the malpractice claim and $92,000 in counsel fees (see Saferstein v Klein, 250 AD2d 831 [1998], lv dismissed 93 NY2d 920 [1999]). Thereafter, the attorney was suspended from practicing law for one year effective February 21, 2003, for neglecting a variety of legal matters unrelated to his representation of petitioner. (Matter of Klein, 303 AD2d 57 [2003].)

In April 2003, petitioner filed an application for reimbursement with respondent, alleging—based on his attorney's crimi-

nal and unethical acts—losses of over $250,000, including the amount of the mortgage and the legal fees paid to his attorney in the foreclosure action and those expended in defense of that attorney's counterclaim against him for legal fees. Respondent denied petitioner's claim and confirmed its determination on reconsideration. Petitioner then commenced this proceeding. Supreme Court dismissed the petition, finding that respondent's determination that petitioner had failed to establish an eligible loss was rational. On petitioner's appeal, we affirm.

Our review is limited to deciding whether respondent's determination is arbitrary and capricious, lacks a rational basis or reflects an abuse of discretion (*see Matter of Plater v O'Sullivan,* 294 AD2d 719, 719 [2002], *lv denied* 98 NY2d 611 [2002]; *Matter of Haskins v Lawyers Fund for Client Protection,* 286 AD2d 440, 440 [2001]; *see also Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 232 [1974]). By statute, respondent is charged with the power—in its discretion—to reimburse clients for "losses caused by the dishonest conduct of attorneys admitted to practice in this state" (Judiciary Law § 468-b [2]). The term "dishonest conduct" is defined as "misappropriation or wilful misapplication of clients' money, securities, or other property" (Judiciary Law § 468-b [2]; *see* Judiciary Law § 468-b [4]). Respondent's regulations governing the allowance of claims for reimbursement provide that a claimant must demonstrate dishonest conduct on the part of the attorney in the form of "misappropriation or willful misapplication of money, securities or property in the practice of law; and unlawful acts in the nature of theft, larceny, embezzlement, fraud or conversion" (22 NYCRR 7200.8 [c]; *see* 22 NYCRR 7200.8 [a]). Significantly, "damages resulting from an attorney's negligence, malpractice or neglect" are "not eligible for reimbursement" (22 NYCRR 7200.8 [d]) and, in any event, here the attorney was exonerated in petitioner's action against him for malpractice.

The dishonesty complained of in this proceeding focuses on the attorney's admitted tampering with evidence at the foreclosure trial. Indeed, the record is devoid of any evidence that he misapplied or misappropriated any money belonging to petitioner. Accordingly, we hold that respondent's determination that petitioner failed to state a viable claim for reimbursement from respondent is not irrational (*see* Judiciary Law § 468-b [2]; *Matter of Plater v O'Sullivan, supra*).

We have considered but are unpersuaded by petitioner's remaining contentions.

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.