■ In the Matter of STEVE PAPPAS et al., Appellants, v LAWYERS' FUND FOR CLIENT PROTECTION, Respondent. [875 NYS2d 608]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (McDonough, J.), entered January 22, 2008 in Albany County, which partially granted petitioners' application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondent denying petitioners' claims for reimbursement.

Petitioner Steve Pappas (hereinafter petitioner) filed three claims for reimbursement with respondent based upon the alleged misconduct of his attorney, Frank Gangemi, in connection with various transactions. Respondent, which exists "for the purpose of maintaining the integrity and protecting the good name of the legal profession by reimbursing . . . losses caused by the dishonest conduct of attorneys" (Judiciary Law § 468-b [2]), rejected petitioner's claims on the ground that petitioner did not provide satisfactory evidence of an eligible loss, namely, the misappropriation of clients' funds within an attorney-client relationship and the practice of law. Following respondent's confirmation of its determination upon reconsideration, petitioner and another commenced this CPLR article 78 proceeding. Supreme Court, among other things, remitted one

of petitioner's claims to respondent for reconsideration, but affirmed respondent's denial of petitioner's remaining two claims. To the extent that the court's decision is adverse to him, petitioner now appeals.*

The particulars of the two transactions at issue on this appeal are as follows. In the first transaction, petitioner, who earns an income, at least in part, from interest on loans and mortgages, asserts that Gangemi approached him with the opportunity to lend $300,000 to another of Gangemi's clients at 12% interest and six points origination fee, which loan purportedly was to be secured by a mortgage. Petitioner never received repayment and the Kings County District Attorney confirmed that the transaction was fraudulent. Similarly, in the second transaction, petitioner contends that Gangemi again contacted him to lend $200,000 to another of Gangemi's clients for a property purchase, which loan was to be secured by a first mortgage. Petitioner wired the money to the seller's attorney, but no documents were ever delivered to petitioner nor was the loan repaid.

Notably, Judiciary Law § 468-b (4) provides that respondent "shall have the sole discretion to determine the merits of claims presented for reimbursement, the amount of such reimbursement and the terms under which such reimbursement shall be made." A claimant bears the burden "to provide satisfactory evidence of an eligible loss" (22 NYCRR 7200.8 [b]), and this Court's "review is limited to deciding whether respondent's determination is arbitrary and capricious, lacks a rational basis or reflects an abuse of discretion" (*Matter of Saferstein v Lawyers' Fund for Client Protection*, 30 AD3d 653, 655 [2006], *lv dismissed and denied* 7 NY3d 887 [2006]; *see Matter of Haskins v Lawyers Fund for Client Protection*, 286 AD2d 440, 440 [2001]).

As is relevant here, "losses arising from financial transactions with attorneys that do not occur within an attorney-client relationship and the practice of law" are ineligible for reimbursement (22 NYCRR 7200.8 [d]; *see Matter of Haskins v Lawyers Fund for Client Protection*, 286 AD2d at 440). Petitioner contends that respondent's rejection of two of his claims on that basis is not supported by the record and, therefore, was arbitrary and capricious. We do not agree. In both transactions, Gangemi approached petitioner with opportunities commensurate with petitioner's line of work and by which petitioner

---

* Although the notice of appeal was filed on behalf of both Pappas and petitioner James Papadimitriou, Papadimitriou has expressly abandoned any argument regarding his challenge to respondent's denial of his separate claim for reimbursement.

stood to make a substantial short-term profit. No written agreement defined Gangemi's relationship with petitioner or the purported borrowers in the context of the transactions, and no legal fee was paid by petitioner. The foregoing provides a rational basis to support respondent's determination that the transactions took place outside of the attorney-client relationship (*see Matter of Saferstein v Lawyers' Fund for Client Protection*, 30 AD3d at 655; *see also DeFalco v Cutaia*, 236 AD2d 358, 358 [1997]).

We are also unpersuaded by petitioner's contention that respondent violated the State Administrative Procedure Act by failing to create a transcript of the hearing in this matter. The proceedings herein are not adjudicatory proceedings subject to the State Administrative Procedure Act (*see* State Administrative Procedure Act § 302 [2]). Moreover, respondent's regulations, which expressly provide that it has the discretion to determine the manner in which claims are to be processed, do not require the creation of a written record of such proceedings (*see* Judiciary Law § 468-b; *see e.g. Matter of Richie v Coughlin*, 148 AD2d 178, 184 [1989], *appeal dismissed* 75 NY2d 765 [1989], *lv denied* 75 NY2d 707 [1990], *cert denied* 498 US 824 [1990]; *Matter of Mary M. v Clark*, 100 AD2d 41, 43-44 [1984]).

Mercure, Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.