Matter of Yengo v Lawyers' Fund for Client Protection of The State of New York (2018 NY Slip Op 05382)





Matter of Yengo v Lawyers' Fund for Client Protection of The State of New York


2018 NY Slip Op 05382


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018

523971

[*1]In the Matter of JOHN W. YENGO JR. et al., Appellants,
v
LAWYERS' FUND FOR CLIENT PROTECTION OF THE STATE OF NEW YORK, Respondent.

Calendar Date: June 5, 2018

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Ofshtein Law Firm, PC, New York City (Suzy Yengo of counsel), for appellants.
Barbara D. Underwood, Attorney General, Albany (Laura Etlinger of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a judgment of the Supreme Court (Ferreira, J.), entered April 25, 2016 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review determinations of respondent denying petitioners' requests for reimbursement.
Petitioners each applied for reimbursement from respondent based upon attorney Jarrett Haber's involvement in a scheme to obtain payment from petitioners to invest in a nonexistent real property transaction. Respondent is vested with the obligation of promoting public confidence and integrity within the legal
profession "by reimbursing losses caused by the dishonest conduct of attorneys admitted and licensed to practice law in the courts of New York State" (22 NYCRR 7200.1). Respondent denied petitioners' applications on the basis that they failed to demonstrate an eligible loss arising "from a prior or contemporaneous attorney-client relationship." Upon reconsideration, respondent confirmed its initial determinations. Petitioners commenced this CPLR article 78 proceeding to annul the determinations, and Supreme Court dismissed the petition, finding that a rational basis existed for respondent's determinations. Petitioners appeal.
By way of background, in December 2006 petitioner John W. Yengo Jr. met Justin Boivin, owner of Harvard Square Development (hereinafter HSD), who invited Yengo to participate in a transaction to purchase property ostensibly owned by the United States [*2]Department of Housing and Urban Development (hereinafter HUD). Yengo was thereafter made aware of a purported sales contract between HSD and HUD, which listed Haber as the agent who would hold HSD's earnest money deposit. In February 2007, Yengo entered a partnership agreement with HSD to purchase the property and agreed to contribute $600,000 to the transaction. Yengo in turn recruited petitioner Sanford Weiss to provide $200,000 of his $600,000 contribution. After numerous delays in closing the transaction, petitioners ultimately learned that the property had never existed. They then contacted law enforcement authorities and applied for reimbursement from respondent.[FN1]
Respondent denied the claim on the basis that there was inadequate evidence documenting Haber's service as an attorney in any legal matter either prior to or in the course of petitioners' investment activity with him, or that the investment arose out of an attorney-client relationship. Noting that the only purchaser named in the purported January 2007 sales contract was HSD, and that the contract identified Haber as the attorney who would hold the down payment for HSD, respondent determined that no compensation could be made arising from Haber's "fiduciary obligations as an escrow agent when he was not acting as [petitioners'] attorney or in the practice of law."
Respondent has "the sole discretion to determine the merits of claims presented for reimbursement, the amount of such reimbursement and the terms under which such reimbursement shall be made" (Judiciary Law § 468—b [4]), and a claimant bears the burden "to provide satisfactory evidence of an eligible loss" (22 NYCRR 7200.8 [b]; see Matter of Pappas v Lawyers' Fund for Client Protection, 60 AD3d 1195, 1196 [2009], lv denied 12 NY3d 713 [2009]). "[L]osses arising from financial transactions with attorneys that do not occur within an attorney-client relationship and the practice of law" are ineligible for
reimbursement (22 NYCRR 7200.8 [d]; see Matter of Pappas v Lawyers' Fund for Client Protection, 60 AD3d at 1196; Matter of Haskins v Lawyers Fund for Client Protection, 286 AD2d 440, 440 [2001]). In reviewing a determination by respondent, "this Court's review is limited to deciding whether respondent's determination is arbitrary and capricious, lacks a rational basis or reflects an abuse of discretion" (Matter of Pappas v Lawyers' Fund for Client Protection, 60 AD3d at 1196 [internal quotation marks and citation omitted]).
Respondent found that the absence of a retainer agreement, evidence of any payments made to Haber for legal work, or any other documentary evidence of an attorney-client relationship, in connection with other circumstances set forth in the record, indicated that petitioners' losses were not incurred within an attorney-client relationship with Haber. Neither petitioner was included as a party to the purported contract for sale of the HUD property. Although Yengo entered into a partnership with HSD with respect to the property, that partnership was created after the execution of the contract for sale and was not a party to the transaction. In addition, the partnership agreement made no reference to Haber acting as that entity's attorney. The foregoing provides a rational basis to support respondent's determination that petitioners' losses did not occur within an attorney-client relationship and the practice of law (see Matter of Pappas v Lawyers' Fund for Client Protection, 60 AD3d at 1197).
We also reject petitioners' contention that respondent's determination was arbitrary and capricious because it has reimbursed similar claims in the past. Although respondent is [*3]authorized to reimburse non-represented parties where, in respondent's discretion, a "sufficient nexus" exists between an attorney's dishonest conduct and the practice of law (22 NYCRR 7200.8 [a] [3]), petitioners failed to demonstrate that respondent has reimbursed investors in a real property transaction who were neither parties to the transaction at issue nor in an attorney-client relationship with the attorney whose dishonest conduct gave rise to the claim. We have reviewed petitioners' remaining arguments and find them to lack merit.
Egan Jr., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Haber ultimately pleaded guilty to a number of charges, was ordered to pay restitution to Yengo in the amount of $600,000, and was disbarred.