Matter of Park Beach Assisted Living, LLC v Zucker (2020 NY Slip Op 07264)





Matter of Park Beach Assisted Living, LLC v Zucker


2020 NY Slip Op 07264


Decided on December 3, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 3, 2020

530444

[*1]In the Matter of Park Beach Assisted Living, LLC, et al., Appellants,
v
Howard Zucker, as Commissioner of Health, et al., Respondents.

Calendar Date: October 14, 2020

Before: Garry, P.J., Egan Jr., Lynch, Clark and Colangelo, JJ.


Nixon Peabody, LLP, Albany (Phillip Rosenberg of counsel), for appellants.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.



Lynch, J.
Appeal from a judgment of the Supreme Court (Ferreira, J.), entered October 31, 2019 in Albany County, which, in a proceeding pursuant to CPLR article 78, among other things, granted respondents' motion to dismiss the petition.
In 2014, Samuel J. Konig, the sole proprietor of Park Inn — an adult home — was granted contingent approval by respondent Department of Health (hereinafter DOH) to apply for permission to convert a portion of the facility's beds into assisted living program (hereinafter ALP) beds. An application was submitted and pending when, on June 5, 2018, a modification request was made seeking to change the ownership of Park Inn from a sole proprietorship to a limited liability company in the name of petitioner Park Beach Assisted Living, LLC (hereinafter Park Beach), in which Konig would be one of two members. Just five days later, Konig passed away, prompting DOH to administratively withdraw the ALP application. At the request of counsel for Park Beach (hereinafter counsel), DOH reconsidered and continued to review the application, accepting further document submissions from counsel. On January 17, 2019, DOH's representative sent an email (hereinafter the January 17 email) to counsel, attaching a letter also dated January 17, 2019 (hereinafter the January 17 letter). The January 17 letter advised that DOH had concluded, as discussed during a conference call with counsel the day before, that a transfer to the new entity was not possible, that the administrative withdrawal would remain intact and that an amended application would have to be submitted. The January 17 letter, which was sent by "Certified Mail Return Receipt Requested," was received by counsel on January 22, 2019.
On May 22, 2019, petitioners commenced this CPLR article 78 proceeding against DOH and respondent Commissioner of Health challenging DOH's administrative withdrawal of the application as arbitrary and capricious. Petitioners obtained an order to show cause directing service of the petition to be made upon the Attorney General by May 28, 2019 and effectuated service in that manner five days before the deadline. Respondents thereafter moved to dismiss the petition as time barred or, alternatively, for lack of personal jurisdiction due to improper service of process. Petitioners opposed the motion and cross-moved for an order extending the time to effectuate proper service pursuant to CPLR 306-b or 2004. Finding that the governing four-month statute of limitations began to run upon counsel's receipt of the January 17 email, Supreme Court granted respondents' motion, dismissed the petition on the ground that it was time-barred and denied petitioners' cross motion as moot. Petitioners appeal.
There is no dispute that the January 17 letter constituted a final and binding determination. At issue is whether counsel's receipt of the January 17 email or counsel's receipt of the January 17 letter by certified mail on January 22, 2019 provided the notice necessary to trigger the running of the statute of limitations. Generally, the four-month statute of limitations begins to run when the party receives oral or written notice of the adverse determination (see Matter of Stack v City of Glens Falls, 169 AD3d 1220, 1221 [2019]). The burden was on respondents "to establish that clear notice of the determination was afforded to . . . petitioner[s] . . ., and any ambiguity in the communication[] purportedly constituting notice must be resolved in favor of . . . petitioner[s]" (id. [internal quotation marks and citation omitted]). In their brief, petitioners acknowledge that "notice may take various forms" and that they received the January 17 letter with the January 17 email. They contend, however, that respondents should be bound by the mode of delivery chosen, such that formal notice would take effect only upon delivery of the January 17 letter via certified mail. At the very least, petitioners [*2]maintain that the commentary in the January 17 email, advising that "[t]his letter is being sent to your attention via postal mail today," and the certified mailing component created an ambiguity that must be resolved in their favor.
We recognize that there is only one letter, the January 17 letter, a copy of which was attached to the January 17 email and the original was delivered by certified mail on January 22, 2019. That said, even though an email delivery could have sufficed, respondents opted to effect delivery of the January 17 letter through the more formal certified mailing process, by which actual delivery and receipt are confirmed with the recipient's signature. Given that format, it was not necessarily unreasonable for petitioners to have assumed that receipt of the January 17 letter on January 22, 2017 triggered the limitations period or, at least, an ambiguity was created as to whether to measure the time period from that date. As such, we conclude that Supreme Court erred in granting respondents' motion to dismiss the petition as untimely (see Mundy v Nassau County Civ. Serv. Commn., 44 NY2d 352, 358 [1978]; Matter of Castaways Motel v Schuyler, 24 NY2d 120, 126-127 [1969]; Matter of Musilli v New York State & Local Police & Fire Dept. Sys., 249 AD2d 826, 827 [1998]).
Alternatively, respondents maintain that the judgment should be affirmed because petitioners failed to obtain personal jurisdiction over them. Petitioners submitted, and Supreme Court signed, a proposed order to show cause providing for service upon respondents by service on the Attorney General. Petitioners complied with the terms of that order, but such service was manifestly defective because petitioners were also statutorily required to effect service upon respondents (see CPLR 307, 7804 [c]). In their cross motion, petitioners promptly sought permission to correct this error, and it is evident that respondents were in no way prejudiced. Not to be overlooked is the looming expiration of the statute of limitations. Under such circumstances, rather than dismissing a proceeding, a court is authorized to extend the time for service "upon good cause shown or in the interest of justice" (CPLR 306-b; see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-106 [2001]). We recognize that Supreme Court did not address the cross motion on the merits, but, given respondents' alternative argument on appeal and as a matter of judicial economy, we opt to do so and conclude, "in the interest of justice" (CPLR 306-b), that petitioners should not be penalized for relying on the terms of the order to show cause signed by Supreme Court (see Matter of Stephens v New York State Exec. Bd. of Parole Appeals Unit, 297 AD2d 408, 410 [2002]; Matter of Taylor v Poole, 285 AD2d 769, 770 [2001]). As such, the matter must be remitted to Supreme Court for the issuance of a new order to show cause requiring service upon respondents and extending the time of service to a new date designated by that court.
Garry, P.J., Egan Jr., Clark and Colangelo, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, motion denied, cross motion granted, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.