Matter of Feng Li v Knight (2022 NY Slip Op 00081)





Matter of Feng Li v Knight


2022 NY Slip Op 00081


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

531547
[*1]In the Matter of Feng Li, Appellant,
v
Michael J. Knight, as Executive Director of the Lawyers' Fund for Client Protection, et al., Respondents.

Calendar Date:November 22, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Feng Li, New York City, appellant pro se.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondents.



Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Zwack, J.), entered June 26, 2020 in Albany County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents approving requests for reimbursement of funds allegedly misappropriated by petitioner.
In 1990, litigation ensued concerning a commercial real estate fraud action in New York. In 2005, after years of litigation, petitioner, a newly admitted attorney in New York and New Jersey, began representing the six plaintiffs in the action (hereinafter the clients). For payment of his legal services, petitioner and the clients executed a New Jersey personal injury retainer agreement, entitling petitioner to a graduated percentage of the total funds recovered, excluding any interest on the judgment (see New Jersey Rules of Court, rule 4:42-11 [b]). Following a nonjury trial, the clients were awarded a substantial judgment (hereinafter the Sy judgment). Petitioner received a check representing the judgment and deposited it into his trust account. Thereafter, a dispute arose between petitioner and the clients as to whether the legal fees should be calculated pursuant to the terms of their retainer agreement or pursuant to New York's contingency fee rules. Additionally, a dispute arose as to funds awarded to four of the clients that were collected before petitioner's representation of them (hereinafter the Rabine funds) and whether such funds should be included in the total amount to be disbursed. While the dispute was pending, petitioner unilaterally disbursed what he believed should be his legal fees — calculated in accordance with New York's contingency fee rules. Petitioner also deposited money into various bank accounts maintained by his family members, putting the disputed funds out of the reach of the clients and the courts. He then disbursed the remaining portion of the judgment to the clients.
Prior to the commencement of this CPLR article 78 proceeding, there were five separate matters involving the disputed funds: a New Jersey action awarding the clients a $1,040,421.46 judgment against him, a New Jersey disciplinary proceeding that resulted in petitioner's disbarment, an action in Supreme Court in Queens County dismissing petitioner's request for reformation of the retainer agreement, a New Jersey bankruptcy proceeding filed by petitioner that denied discharge of the debt owed to the clients, and a disciplinary proceeding in the Second Department resulting in petitioner's suspension from the practice of law for three years.
In 2010, the clients each filed a claim with respondent Lawyers' Fund for Client Protection seeking reimbursement of funds that he had misappropriated. The claims were held in abeyance after the Lawyers' Fund learned that the Second Department authorized the commencement of a disciplinary proceeding against petitioner. After the disciplinary proceeding was concluded, respondent [*2]Michael Knight, the executive director of the Lawyers' Fund, recommended that the clients' claims be approved, which they were in 2019. Petitioner then commenced this CPLR article 78 proceeding to annul that determination claiming, among other things, that the Second Department disciplinary decision should be given collateral estoppel and res judicata effect as that Court determined that there was no theft on petitioner's part. Respondents answered and sought dismissal of the petition. Supreme Court dismissed the petition finding that a rational basis existed for respondents' determination. Petitioner appeals.
Petitioner asserts that respondents' approval of his former clients' claims for reimbursement is arbitrary and capricious. "[The Lawyers' Fund] has the statutory purpose of promoting public confidence in the legal profession by reimbursing losses caused by the dishonest conduct of New York attorneys" (Lawyers' Fund for Client Protection of the State of N.Y. v JP Morgan Chase Bank, N.A., 80 AD3d 1129, 1129 [2011] [citations omitted]). The Lawyers' Fund has "the sole discretion to determine the merits of claims presented for reimbursement, the amount of such reimbursement and the terms under which such reimbursement shall be made" (Matter of Pappas v Lawyers' Fund for Client Protection, 60 AD3d 1195, 1196 [2009] [internal quotation marks and citation omitted], lv denied 12 NY3d 713 [2009]). "In reviewing a determination by [the Lawyers' Fund], this Court's review is limited to deciding whether [its] determination is arbitrary and capricious, lacks a rational basis or reflects an abuse of discretion" (Matter of Yengo v Lawyers' Fund for Client Protection of the State of N.Y., 163 AD3d 1300, 1302 [2018] [internal quotation marks and citation omitted], lv dismissed 32 NY3d 1081 [2018]).
Petitioner contends that stare decisis mandates compliance with the Second Department's disciplinary determination, which stated that he did not engage in the theft of funds and the decision exonerated him. This is a misreading of the Second Department's order, which states that "it cannot be said that there was an infirmity of proof that [petitioner] misappropriated the Rabine funds and a portion of the Sy judgment" and that "it is undisputed that [petitioner] acted improperly in disbursing the funds prior to resolution of the dispute over his legal fees, thus constituting a clear violation of rule 1.15 (b) (4) the Rules of Professional Conduct" (Matter of Feng Li, 149 AD3d 238, 253 [2017], appeal dismissed 30 NY3d 1082 [2018]). The Second Department did not exonerate petitioner; the Court suspended him.
The purpose of the Lawyers' Fund is to reimburse clients for losses caused by attorneys' dishonest conduct (see Clients' Sec. Fund of State of N.Y. v Grandeau, 72 NY2d 62, 65 [1988]; Judiciary Law § 468-b [2]). Dishonest conduct is defined as "misappropriation or wilful misapplication of clients' money, securities, or other property" (Judiciary Law[*3]§ 468-b [2]). 22 NYCRR 7200.8 (c) expands this definition to include "unlawful acts in the nature of theft, larceny, embezzlement, fraud or conversion." The Lawyers' Fund has the authority to investigate claims in any manner it deems appropriate (see 22 NYCRR 7200.10 [b]). Moreover, "a certified copy of an order disciplining an attorney for the same act of conduct alleged in a claim . . . shall . . . be evidence that the attorney committed such act" (22 NYCRR 7200.10 [d]). Here, petitioner was subject to two disciplinary proceedings. The Second Department suspended petitioner for three years for violating Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (b) (4) and putting the funds out of reach of the clients and the courts (see Matter of Feng Li, 149 AD3d at 253-254), and the New Jersey Supreme Court found that petitioner's "use of the contested funds . . . constituted a knowing misappropriation of client funds" and disbarred petitioner (Matter of Feng Li, 213 NJ 523, 523, 65 A3d 254 [2013]). The foregoing decisions provide a rational basis to support respondents' determination that petitioner engaged in dishonest conduct by releasing disputed funds and invading his escrow to pay himself his purported legal fees, resulting in a misappropriation and willful misapplication of client funds, which entitled the clients to reimbursement (see Matter of Yengo v Lawyers' Fund for Client Protection of the State of N.Y., 163 AD3d at 1302). As such, petitioner's contention that respondents' determination was arbitrary and capricious is rejected (see Matter of Yengo v Lawyer's Fund for Client Protection of the State of N.Y., 163 AD3d at 1302; Matter of Pappas v Lawyers' Fund for Client Protection, 60 AD3d at 1197). We have reviewed petitioner's remaining arguments and find them to lack merit.
Garry, P.J., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.