Grossbarth v New York State Lawyers' Fund for Client Protection (2024 NY Slip Op 05166)

Grossbarth v New York State Lawyers' Fund for Client Protection

2024 NY Slip Op 05166

Decided on October 17, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 17, 2024

CV-23-0526
[*1]Joel A. Grossbarth, Appellant,
v
New York State Lawyers' Fund for Client Protection, Respondent.

Calendar Date:September 12, 2024

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Joel A. Grossbarth, Tampa, Florida, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.

Clark, J.
Appeal from an order of the Supreme Court (Kimberly A. O'Connor, J.) entered February 6, 2023 in Albany County, which, among other things, granted defendant's motion to dismiss the complaint.
Plaintiff was admitted to the practice of law in this state in 1994. In 2013, he pleaded guilty to two counts of grand larceny in the second degree and one count of forgery in the second degree, and was later disbarred (Matter of Grossbarth, 113 AD3d 14, 17 [2d Dept 2013]). Pursuant to his plea agreement, plaintiff admitted to stealing over $1 million from various clients, and he was sentenced to a term of incarceration and ordered to pay restitution. In 2021, plaintiff submitted an application to the Appellate Division, Second Department seeking to be reinstated to the practice of law, and he provided the requisite notice to defendant, a judicial agency created to safeguard the integrity of the legal profession by reimbursing losses caused by the dishonest conduct of New York attorneys.[FN1] Through a February 2021 letter, defendant opposed plaintiff's reinstatement, explaining that plaintiff had not fully repaid defendant for reimbursements it had made in connection with plaintiff's dishonest conduct. Following receipt of that letter, plaintiff withdrew his application. When plaintiff again sought reinstatement in May 2021, defendant opposed his application on the same grounds.
In May 2022, plaintiff commenced the instant action for declaratory judgment, seeking a declaration that he had made full and complete restitution to defendant and to preclude defendant from asserting otherwise and from opposing plaintiff's reinstatement on those grounds. Defendant filed a pre-answer motion to dismiss the complaint, arguing that plaintiff was required to bring his claims through a CPLR article 78 proceeding and that his failure to commence the same within four months caused it to be time-barred. Plaintiff opposed the motion and cross-moved for summary judgment. Supreme Court found that, although actions seeking declaratory relief are generally subject to a six-year statute of limitations, plaintiff's claims could have been brought through a CPLR article 78 proceeding; since claimant failed to bring the claims within the applicable four-month period, his claims were time-barred. The court thus granted defendant's motion and dismissed the complaint, rendering plaintiff's cross-motion moot. Plaintiff appeals.
"To dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired. If the defendant meets this burden, the burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled or was otherwise inapplicable, or whether the action was actually commenced within the period propounded by the defendant" (Krog Corp. v Vanner Group[*2], Inc., 158 AD3d 914, 915-916 [3d Dept 2019] [internal quotation marks, brackets and citations omitted]; see Sloane v Power Auth. of the State of N.Y., 214 AD3d 1150, 1151 [3d Dept 2023], lv denied 40 NY3d 902 [2023]). "Although declaratory judgment actions are typically governed by a six-year statute of limitations, if the underlying dispute could have been resolved through an action or proceeding for which a specific, shorter limitations period governs, then such shorter period must be applied" (Doyle v Goodnow Flow Assn., Inc., 193 AD3d 1309, 1310 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 911 [2021]; see CPLR 213 [1]; accord Smith v State of New York, 201 AD3d 1225, 1227 [3d Dept 2022]). Where, as here, a governmental agency determination is challenged, we examine the substance of the declaratory action to identify the relationship underlying the claim and the relief sought and determine whether it could have been advanced through a CPLR article 78 proceeding; if so, the applicable statute of limitations is four months (see Gress v Brown, 20 NY3d 957, 959 [2012]; Spinney at Pond View, LLC v Town Bd. of the Town of Schodack, 99 AD3d 1088, 1089 [3d Dept 2012]).
We reject plaintiff's assertion that defendant's exemption from the Freedom of Information Law (see Public Officers Law § 86 [3]; Matter of Fowler v New York State Bd. of Law Examiners, 298 AD2d 682, 684 [3d Dept 2002]) categorically excludes it from being subject to the provisions of CPLR article 78. Simply put, such an exemption is absent from CPLR article 78, and the judiciary branch of state government and its agencies have long been subject to proceedings brought pursuant to that article (see CPLR 7801 et seq.; see e.g. Matter of Feng Li v Knight, 201 AD3d 1048, 1049-1051 [3d Dept 2022], lv denied 38 NY3d 907 [2022]; Matter of Pappas v Lawyers' Fund for Client Protection, 60 AD3d 1195, 1195-1197 [3d Dept 2009], lv denied 12 NY3d 713 [2009]; Matter of Plater v O'Sullivan, 294 AD2d 719, 719 [3d Dept 2002], lv denied 98 NY2d 611 [2002]). Defendant is a judicial agency charged with safeguarding the integrity of the legal profession by reimbursing clients for losses caused by the dishonest conduct of New York attorneys; whether claims are approved or denied is a matter left to the discretion of defendant's board of trustees, which is also empowered to seek recovery from the attorneys whose conduct led to the approved awards (see Judiciary Law § 468-b [2], [4]). Between 2012 and 2017, defendant approved numerous reimbursements to plaintiff's former clients. The parties agree that plaintiff has made significant payments toward repaying defendant for the approved awards; plaintiff believes such payments are in full satisfaction of his obligation, while defendant asserts that arrears remain. Through the complaint, plaintiff challenges specific reimbursement awards, and he seeks a declaration preventing defendant from asserting the existence of arrears [*3]and from opposing plaintiff's reinstatement to the practice of law on those grounds. As these claims distill to challenges to defendant's administrative determinations about reimbursement awards, they could have been raised in a CPLR article 78 proceeding and, thus, are subject to the shorter statute of limitations (see CPLR 217 [1]; Doyle v Goodnow Flow Assn., Inc., 193 AD3d at 1311-1312; Spinney at Pond View, LLC v Town Bd. of the Town of Schodack, 99 AD3d at 1089; Matter of Saferstein v Lawyers' Fund for Client Protection, 30 AD3d 653, 655 [3d Dept 2006], lv dismissed & denied 7 NY3d 887 [2006]).
Plaintiff next contends that the statute of limitations has not run on his claims. A petitioner must commence a CPLR article 78 proceeding within four months of receiving notice of a final and binding determination (see Matter of Girard v Annucci, 216 AD3d 1387, 1388 [3d Dept 2023]; Doyle v Goodnow Flow Assn., Inc., 193 AD3d at 1311). An administrative determination becomes final and binding when the agency has "reached a definitive position on the issue that inflicts actual, concrete injury" and administrative remedies have been exhausted (Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194-195 [2007]; see Matter of Krakauer v New York State Educ. Dept., 174 AD3d 1090, 1091 [3d Dept 2019]). In support of its motion to dismiss, defendant proffered several letters sent by the parties. In our view, defendant's February 2021 letter opposing plaintiff's reinstatement provided notice of a final and binding determination, as it provided the sum of every reimbursement, the sums received from plaintiff and the calculation that resulted in the arrears, and it noted the absence of any action by plaintiff since October 2014. Although the letter was addressed to the Appellate Division, Second Department, plaintiff's counsel was copied and acknowledged receipt of such through a March 3, 2021 letter. Consequently, the claim accrued on that date and plaintiff's failure to commence the instant action until May 24, 2022 constitutes a prima facie showing that the complaint was not commenced until long after the expiration of the four-month statute of limitations and, thus, is time-barred (see Matter of Coney Is. Preparatory Pub. Charter Sch. v New York State Educ. Dept., 224 AD3d 1203, 1206-1207 [3d Dept 2024]; Matter of Park Beach Assisted Living, LLC v Zucker, 189 AD3d 1756, 1758 [3d Dept 2020]; see also Matter of School Adm'rs Assn. of N.Y. State v New York State Dept. of Civ. Serv., 124 AD3d 1174, 1177-1178 [3d Dept 2015], lv denied 26 NY3d 904 [2015]).
In opposition, plaintiff does not claim any tolling period; rather, he asserts that he never received the individual award letter pertaining to one specific reimbursement award and, as such, that his claim has yet to accrue. We disagree, as notices of determination are not required to follow any particular format (see e.g. Matter of Park Beach Assisted Living, LLC v Zucker, 189 AD3d at 1758; Matter [*4]of School Adm'rs Assn. of N.Y. State v New York State Dept. of Civ. Serv., 124 AD3d at 1177-1178), and defendant's February 2021 letter provided plaintiff with notice of a final and binding determination that aggrieved him.[FN2] Plaintiff's failure to commence the instant action within the requisite four-month period rendered his claim time-barred and, as such, Supreme Court properly dismissed the complaint.
Plaintiff's assertion that defendant should be equitably estopped from claiming the statute of limitations defense is unpreserved, as plaintiff raises it for the first time on appeal (see Picinich v New York Cent. Mut. Fire Ins. Co., 216 AD3d 1232, 1233 [3d Dept 2023]) and, in any case, such contention lacks merit (see Matter of Saferstein v Lawyer's Fund for Client Protection, 298 AD2d 726, 727-728 [3d Dept 2002], lv denied 99 NY2d 505 [2003]). Plaintiff's remaining arguments, to the extent not expressly addressed herein, have either been rendered academic or have been examined and found to lack merit.
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Defendant — the Lawyers' Fund for Client Protection of the State of New York — is incorrectly named in the caption.

Footnote 2: Were we to find that the February 2021 letter was insufficient to provide notice to plaintiff, we note that defendant's March 2021 and April 2021 letters to plaintiff's counsel reiterated the earlier information and addressed plaintiff's substantive complaints about the specified award. As each of those letters would also serve as notice of a final and binding determination, the instant May 2022 action would still be barred by the applicable four-month statute of limitations (see Matter of Developmental Disabilities Inst., Inc. v New York State Off. for People with Dev. Disabilities, 200 AD3d 1273, 1274 [3d Dept 2021]).