Matter of Glassman v Lawyers' Fund for Client Protection of the State of N.Y. (2025 NY Slip Op 02836)

Matter of Glassman v Lawyers' Fund for Client Protection of the State of N.Y.

2025 NY Slip Op 02836

Decided on May 8, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 8, 2025

CV-24-0327
[*1]In the Matter of Donald Glassman, Appellant,
v
Lawyers' Fund for Client Protection of the State of New York, Respondent.

Calendar Date:March 26, 2025

Before:Clark, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Donald Glassman, New York City, appellant pro se.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.

Per Curiam.
Appeal from a judgment of the Supreme Court (Kimberly O'Connor, J.), entered January 29, 2024 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for reimbursement.
Following a jury trial in October 2007, petitioner was convicted of rape in the third degree. Petitioner then fired his trial counsel and hired attorney Robert Feldman to represent him in an effort to have his conviction overturned through postconviction motions and/or an appeal. In November 2007, Feldman filed a CPL 330.30 motion on petitioner's behalf, arguing that vacatur was required due to trial counsel's failure to advise petitioner regarding his right to testify at the rape trial. In April 2008, as the motion remained pending, petitioner fired Feldman and retained new counsel. New counsel then proceeded to represent petitioner at an evidentiary hearing held on the pending CPL 330.30 motion filed by Feldman, and Feldman was called to testify at said hearing. That motion was granted, and petitioner's conviction was vacated. Following a new trial, petitioner was acquitted of the charges. Thereafter, petitioner asked Feldman to refund the $30,000 tendered pursuant to their retainer agreement, and Feldman refused. Thus, petitioner commenced two actions against Feldman, seeking recovery under various legal theories. These actions were consolidated and proceeded to trial, after which the jury found Feldman liable to petitioner for breach of contract and malpractice, among other things.[FN1]
In November 2022, petitioner filed an application seeking to have respondent reimburse him $30,000, alleging that Feldman refused to return an unearned legal fee. Soon after, respondent's executive director informed petitioner that, among other reasons, his claim sounded in malpractice and, as such, was not eligible for reimbursement from respondent. Upon petitioner's request for reconsideration, respondent's Board of Trustees confirmed the denial of the claim. Petitioner commenced the instant CPLR article 78 proceeding challenging the denial. Supreme Court found that respondent had a rational basis for denying petitioner's claim and dismissed the petition. Petitioner appeals.
Respondent was established for the "purpose of promoting public confidence in the legal profession by reimbursing losses caused by the dishonest conduct of New York attorneys" (Lawyers' Fund for Client Protection of the State of N.Y. v JP Morgan Chase Bank, N.A., 80 AD3d 1129, 1129 [3d Dept 2011]; see Judiciary Law § 468-b [2]; 22 NYCRR 7200.1). To recover upon a claim for reimbursement from respondent, a claimant must "provide satisfactory evidence of an eligible loss" (22 NYCRR 7200.8 [b]). Where, as here, a claim for reimbursement stems from "an attorney's refusal or failure to refund an unearned legal fee . . . , dishonest conduct shall include an attorney's misrepresentation, or false promise, to provide [*2]legal services to a law client in exchange for the advance payment of a legal fee" (22 NYCRR 7200.8 [e] [1] [emphasis omitted]). Notably, "[a]n attorney's failure to perform or complete a legal engagement shall not constitute, in itself, evidence of misrepresentation, false promise or dishonest conduct" (22 NYCRR 7200.8 [e] [2]). Reimbursement of unearned legal fees is limited to instances where the attorney rendered no legal services or, in respondent's judgment, the legal services rendered were minimal or insignificant, or where the claim is supported by a judicial determination that a refund of such fee is owed (see 22 NYCRR 7200.8 [e] [3] [i]-[iii]). Respondent is vested with "the sole discretion to determine the merits of claims presented for reimbursement, the amount of such reimbursement and the terms under which such reimbursement shall be made" (Judiciary Law § 468-b [4]; accord Matter of Feng Li v Knight, 201 AD3d 1048, 1049 [3d Dept 2022], lv denied 38 NY3d 907 [2022]; see 22 NYCRR 7200.4 [g]).[FN2] In reviewing respondent's determination, we may not substitute our judgment and are instead "limited to deciding whether respondent's determination is arbitrary and capricious, lacks a rational basis or reflects an abuse of discretion" (Matter of Pappas v Lawyers' Fund for Client Protection, 60 AD3d 1195, 1196 [3d Dept 2009] [internal quotation marks and citation omitted], lv denied 12 NY3d 713 [2009]; accord Matter of Yengo v Lawyers' Fund for Client Protection of the State of N.Y., 163 AD3d 1300, 1302 [3d Dept 2018], lv dismissed 32 NY3d 1081 [2018]).
Here, the record reflects that petitioner hired Feldman to challenge his criminal conviction and that Feldman filed a CPL 330.30 motion on his behalf. Although petitioner fired Feldman before that motion was decided, it is undisputed that Feldman prepared and filed the motion through which petitioner ultimately obtained relief. Inasmuch as Feldman rendered at least some of the services for which he was retained, respondent's determination that petitioner failed to establish that Feldman made a misrepresentation or false promise to provide legal services in exchange for the legal fee advanced is supported by a rational basis (see 22 NYCRR 7200.8 [e] [1]; see also 22 NYCRR 7200.8 [e] [3] [i], [ii]). As respondent determined, petitioner's claim is more properly characterized as either malpractice or a fee dispute, neither of which is eligible for reimbursement (see 22 NYCRR 7200.8 [d]; Matter of Saferstein v Lawyers' Fund for Client Protection, 30 AD3d 653, 655 [3d Dept 2006], lv dismissed & denied 7 NY3d 887 [2006]; Matter of Plater v O'Sullivan, 294 AD2d 719, 719 [3d Dept 2002], lv denied 98 NY2d 611 [2002]).
Petitioner also argues that he provided sufficient evidence to establish that he is owed a refund because the jury in his civil suit against Feldman awarded petitioner $10,000 for Feldman's breach of the retainer agreement. We note, however, that such award accounted for only a portion of the [*3]$30,000 legal fee tendered. While damages caused by a breach of contract may be awarded based on a party's failure to fully perform under a contract (see generally 36 NY Jur 2d, Damages § 32), such a "failure to perform or complete a legal engagement" does not, without more, establish an eligible claim for reimbursement (22 NYCRR 7200.8 [e] [2]). As petitioner failed to provide satisfactory evidence of an eligible claim, respondent's determination is supported by a rational basis, and nothing in this record suggests that such determination was arbitrary and capricious or an abuse of discretion (see Matter of Plater v O'Sullivan, 294 AD2d at 719). Petitioner's remaining contentions have either been rendered academic for the foregoing reasons or they have been reviewed and lack merit.
Clark, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Pursuant to a judgment entered September 2022, the award against Feldman, including interest as of the date of entry, totaled over $500,000. According to petitioner, he successfully seized nearly $20,000 from Feldman's bank account but has otherwise been unable to collect on the judgment.

Footnote 2: In large part, the sums available for reimbursement are collected from the biennial registration fees paid by attorneys (see Judiciary Law § 468-a [4]; State Finance Law § 97-t), and respondent is required to consider the limited nature of such funds when exercising its discretion to determine claims (see 22 NYCRR 7200.10 [i] [1]-[5]).