■ WILLIAM R. KAHN, Respondent, v JILL B. OSHIN-KAHN, Appellant. [840 NYS2d 785]—

Order, Supreme Court, New York County (John E.H. Stackhouse, J.), entered March 11, 2005, which, after a hearing, to the extent appealable, found that plaintiff's annual income had declined to $200,000, and, based on that finding, granted plaintiff's cross motion for a downward modification of his child support and maintenance obligations to the extent of reducing such obligations to $25,000 per year and $30,000 per year,

respectively, retroactive to November 21, 2002, directed defendant to produce her tax returns for certain years, and denied defendant's application to recover the counsel fees she incurred in opposing the cross motion, unanimously modified, on the facts and in the exercise of discretion, to vacate the finding as to plaintiff's annual income and the downward modification granted by Supreme Court and to grant defendant's application for counsel fees, and the matter remanded for further proceedings to recompute the downward modification of plaintiff's obligations consistent herewith and to determine the amount of reasonable counsel fees to be awarded defendant, and otherwise affirmed, without costs.

The parties' judgment of divorce, entered in 2001, awarded defendant wife annual maintenance of $96,000 (for five years ending July 31, 2006) and annual child support of $48,800. These awards were based on, among other things, a finding that, at the time of the judgment, plaintiff husband, under his employment agreement in effect at the time, had a guaranteed annual draw of $408,600 against his commissions as a sales agent for a financial printing firm. The $408,600 figure did not include the value of the perquisites of plaintiff's position imputable to him as income. The judgment also required plaintiff to pay 80% of certain add-on child support expenses, including the costs of private school, summer camp, and child care (the last item being required to enable defendant to reenter the workforce).

At issue on this appeal is plaintiff's cross motion for a downward modification of his maintenance and child support obligations, based on an alleged substantial change in circumstances warranting such relief pursuant to Domestic Relations Law § 236 (B) (9) (b). Plaintiff claims that his income has declined substantially since entry of the judgment of divorce due to a general downturn in the financial printing industry since the terrorist attacks of September 11, 2001. After a hearing, the motion court found, inter alia, that plaintiff's annual income had fallen to $200,000 and that he owed his employer $600,000 for draws received in excess of commissions earned. Based on these findings, the court reduced plaintiff's annual maintenance obligation to $30,000 and his annual child support obligation to $25,000, in each case with effect retroactive to November 21, 2002, and reduced plaintiff's share of add-on child support expenses to 50%. Defendant has appealed.

Although we agree with the motion court that plaintiff has carried his burden of proving that some reduction of his maintenance and child support obligations is in order (*cf. O'Brien v*

*McCann*, 249 AD2d 92 [1998]), we do not believe that the existing record supports the amounts of the reductions the court granted. In particular, the attribution to plaintiff of annual income of $200,000 for the entire period since November 21, 2002 was based on only one paycheck issued in February 2004, which, if projected to an annual basis, reflected annual income of approximately that amount. However, the record reflects substantially higher income (albeit reduced from the time of judgment) for 2002 and 2003. Specifically, plaintiff (who was working without a signed employment agreement at the time the cross motion was submitted) placed in evidence a copy of his 2002 federal income tax return, which showed total income of $364,481 ($355,740 of which was from his employer), and his 2003 W-2 form, which reported income from his employer of $285,748.24.* Even if less weight is given to 2002 income on the ground that the period at issue did not begin until November 21, 2002, the 2003 W-2 constitutes substantially more reliable evidence of plaintiff's actual income for an extended length of time within the relevant period than does the single 2004 paycheck in the record. Accordingly, the record does not sustain the court's retroactive attribution to plaintiff of $200,000 annual income for the entire period since November 21, 2002 (*see Diamond v Diamond*, 11 AD3d 289 [2004], *lv denied* 4 NY3d 794 [2005]). We also note that plaintiff presented no evidence that he had been required to repay any part of his alleged debt to his employer.

In view of the foregoing, we modify to vacate the finding as to plaintiff's income and the downward modifications of his obligations based thereon, and remand for further proceedings to more accurately determine plaintiff's income during the relevant period and to recompute the appropriate reductions of his obligations. In the hearing to be held upon remand, the parties may submit relevant evidence concerning periods after the cross motion was submitted. In the decision to be rendered after the hearing, the motion court should explain (which it did not do in the order appealed from) how the reductions of plaintiff's obligations are related to the findings of changed circumstances, making reference to the legal standards of Domestic Relations Law § 236 (B) (6) (maintenance) and § 240 (1-b) (child support). The court should also reconsider whether there is any reasonable likelihood that plaintiff's employer will attempt to recoup all or part of plaintiff's alleged debt (assuming the debt remains

---

* Presumably because the cross motion was submitted in March 2004 (when the hearing thereon concluded), plaintiff did not submit a copy of his 2003 income tax return or either a tax return or a W-2 form for 2004.

unpaid), and, if so, what method of recoupment will be used, with what impact on plaintiff's income. We note that perquisites attendant to plaintiff's employment (as to which no material change of circumstance appears to be alleged) should not be imputed to him as personal income unless "such perquisites constitute expenditures for personal use, or . . . directly or indirectly confer personal economic benefits" (Domestic Relations Law § 240 [1-b] [b] [5] [iv] [B]).

We have considered and find unavailing defendant's arguments for an outright denial of plaintiff's cross motion for a downward modification of his maintenance and child support obligations.

We affirm the motion court's order insofar as it directed defendant to produce certain income tax returns. Obviously, the financial circumstances of both parties are relevant to determining the appropriate amounts of maintenance and child support, and plaintiff's cross motion for a downward modification of such obligations sought production of defendant's pertinent income tax returns.

In view of the circumstances of the case and of the respective parties, we find, in the exercise of our discretion, that, notwithstanding plaintiff's entitlement to a reduction of his obligations, justice requires that defendant be awarded the counsel fees she has reasonably incurred in opposing plaintiff's cross motion (*see* Domestic Relations Law § 237). The amount of the award is to be determined in the proceedings to be held on remand.

Finally, the portion of the order appealed from that directs defendant to produce account statements for the parties' children's UGMA/UTMA bank accounts does not appear to have determined a motion for such relief made on notice. Accordingly, this aspect of the order is not appealable as of right (*see* CPLR 5701 [a] [2]); review of the provision may be had upon an appeal from an order determining a motion on notice for its vacatur (*see Santoli v 475 Ninth Ave. Assoc., LLC,* 38 AD3d 411, 414 [2007]). Concur—Andrias, J.P., Friedman, Williams and Catterson, JJ.