■ WILLIAM R. KAHN, Respondent, v JILL B. OSHIN-KAHN, Appellant. [859 NYS2d 3]—

Defendant's motion for upward modification seeks not only

an increase in the amounts of maintenance and child support but also an extension of the term of maintenance, which was originally set in the divorce judgment at five years, and is based on a change in circumstances, to wit, a deterioration in defendant's health preventing her from fully reentering the work force and becoming self-supporting. Defendant's health began to deteriorate approximately six months after Supreme Court concluded its hearing on plaintiff's prior request for a downward modification of maintenance and child support based on an alleged change in his financial circumstances. Accordingly, the issues concerning defendant's health and ability to work were not part of the downward modification proceedings, the focus of which was plaintiff's alleged changed financial circumstances, or defendant's ensuing appeal from the order granting plaintiff a downward modification, the focus of which was the sufficiency of plaintiff's proof of changed financial circumstances (43 AD3d 253 [2007] [remanding for computation of a smaller downward modification and an award of counsel fees to defendant]). We note that even if plaintiff ultimately obtains a downward modification, defendant may still have a valid argument for, inter alia, extending the duration of maintenance.

There is no merit to plaintiff's argument that the appeal should be dismissed because defendant filed an incomplete and inadequate appendix. The omitted materials, mostly plaintiff's opposition papers to defendant's motion for an upward modification, are not necessary to resolve the issue on appeal, i.e., whether the issues raised in defendant's motion are the same as those she raised in her prior appeal, and therefore did not have to be included in the appendix. Plaintiff was free to supplement the appendix by filing his own appendix, which he did (*see Mandell v Grosfeld*, 65 AD2d 743 [1978]). Concur—Tom, J.P., Andrias, Nardelli and Sweeny, JJ.