■ Josh Haron, Respondent, v Leah Azoulay, Appellant. Joseph W. Doonan et al., Nonparty Respondents. [19 NYS3d 12]—

Order, Supreme Court, New York County (Ellen Gesmer, J.), entered April 8, 2014, which granted nonparty respondents' motions to quash discovery requests served on them by defendant, and denied defendant's cross motion to compel disclosure, unanimously affirmed, without costs.

The motion court properly found that the discovery requests are overly broad and improper and thus providently exercised its discretion in quashing them (*see Matter of Kapon v Koch*, 23 NY3d 32, 39 [2014]). Nonparty Doonan established that defendant had already received all relevant documentation regarding plaintiff's compensation and salary, including a neutral report on his earning capacity, that the subpoena is tantamount to a fishing expedition based on defendant's baseless speculation of plaintiff's true worth to his employer, and that any memoranda or writings regarding the hiring of plaintiff are "utterly irrelevant" and would not uncover any legitimate material (*id.* at 34, 38-39 [internal quotation marks omitted]).

The Lagalante nonparties similarly established that their billing statements related to a FINRA action are utterly irrelevant to this divorce action. In addition, they established that those documents are confidential and protected by the attorney-client privilege (*De La Roche v De La Roche*, 209 AD2d 157, 158 [1st Dept 1994]). Defendant failed to establish that the requested documents are material and necessary (*see Ka-*

*pon*, 23 NY3d at 34), as she merely speculated that plaintiff's employer was paying the FINRA legal fees as additional compensation to plaintiff. In any event, the court correctly noted that the payment of those legal fees do not constitute "personal economic benefits" (Domestic Relations Law § 240 [1-b] [b] [5] [iv] [B]; *see Kahn v Oshin-Kahn*, 43 AD3d 253, 256 [1st Dept 2007]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Acosta, Richter and Kapnick, JJ.