■ Patricia German et al., Plaintiffs, and Masoud Arabian, Appellant, v S&P Associates of New York, LLC, Respondent, et al., Defendants. [33 NYS3d 11]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered December 12, 2014, which, insofar as appealed from as limited by the briefs, granted defendant S&P Associates of New York, LLC's motion to dismiss the second cause of action pursuant to CPLR 3211, unanimously affirmed, without costs. Order, same court and Justice, entered August 24, 2015, which, to the extent appealed from as limited by the briefs, denied plaintiff Masoud Arabian's motion for summary judgment on the first cause of action and dismissing defendant's affirmative defense of mutual mistake, unanimously modified, on the law, to grant the motion as to the defense, and otherwise affirmed, without costs.

The court properly dismissed the second cause of action, which sought specific performance of the renovations to plaintiff's apartment set forth in the rider, since money damages would be an adequate remedy (*see Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 415 [2001]). The cost of installing specific GE appliances, specific types of cabinets, etc., is readily ascertainable (*see generally Van Wagner Adv. Corp. v S & M Enters.*, 67 NY2d 186, 193 [1986]).

The court properly denied plaintiff's motion for summary judgment on his first cause of action, which sought specific performance of his contract to purchase his unit. Triable issues of fact exist as to whether plaintiff repudiated the agreement and whether defendant was prejudiced by plaintiff's delay in seeking specific performance (*see Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 182 [1982]). In addition, as of the time of plaintiff's motion, defendant had not yet had an opportunity to depose plaintiff.

Defendant, on appeal, admits it is not alleging the defense of mutual mistake, and this affirmative defense is therefore dismissed. Concur—Tom, J.P., Acosta, Richter, Manzanet-Daniels and Gesmer, JJ.