(October 3, 2017)

■ J. Armand Musey, Appellant, v 425 East 86 Apartments Corp. et al., Respondents, et al., Defendant. [62 NYS3d 93]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered July 16, 2015, which, to the extent appealed from as limited by the briefs, granted defendants-respondents' motion, pursuant to CPLR 3211 (a) (5), to dismiss as time-barred so much of the third cause of action that sought a declaration that house rules concerning the roof/terrace were null and void, and order, same court and Justice, entered January 30, 2017, which, to the extent appealed from as limited by the briefs, and to the extent appealable, denied plaintiff's motion for leave to amend, and granted defendant cooperative corporation's (co-op) motion to quash plaintiff's nonparty subpoenas duces tecum, unanimously affirmed, with costs.

In December 2012, plaintiff entered into a contract to purchase the shares of a penthouse unit in a cooperative apartment building located in Manhattan. The penthouse included a terrace appurtenant to the unit; however, plaintiff was unable to inspect the terrace prior to purchase because part of the building's roof, including the subject terrace, was undergoing extensive renovation and repair. Plaintiff finalized the purchase of his shares in February 2013.

In July 2013, the co-op board adopted new house rules, providing, in relevant part:

"4. The roof membrane shall be protected at all times from foot traffic, planters, deck covering, furniture and/or other

objects. The Board of Directors may enlist the services of a professional engineer to determine the protection that may be required and their determination will be final. Any costs related to such an evaluation shall be the responsibility of the Shareholder. Such protection may include but shall not be limited to a secondary membrane over the existing roof membrane, or installation of a separator pad. The Shareholder may also be required to obtain a warranty from the membrane or pad manufacturer, which warranty shall include, in addition to the new membrane or pad, any new installation/construction to be placed on the new membrane or pad.

"5. The Shareholder shall execute an agreement in a form acceptable to the Corporation accepting full responsibility for and indemnifying the Corporation against the cost of repairing any and all damage to the underlying roof membrane and any damage to the public areas and/or apartment(s) below, which is caused, directly or indirectly, by the planters, deck coverings and/or other objects placed on the roof terrace, the Shareholder's use of the roof terrace and/or other objects placed on the roof terrace or Shareholder's failure to properly maintain the roof terrace area. Such agreement shall be binding upon all successors in interest to the Shareholder."

Plaintiff objected to these new house rules and exchanged multiple emails with various members of the co-op board concerning his grievances. Plaintiff contended, in part, that the new house rules deprived him of his right to the exclusive use and quiet enjoyment of the terrace and attempted to shift the costs associated with the implementation of the new rules to him, in violation of the proprietary lease.

In July 2014, nearly one year after receiving the house rules, plaintiff commenced this plenary action. As relevant to this appeal, plaintiff's third cause of action for declaratory relief sought a declaration that rules 4 and 5 of the house rules violated the terms of the proprietary lease and were, therefore, null and void. Plaintiff further sought a declaration "directing [the co-op] to take all actions required to make the terrace habitable, including but not limited to, the installation of flooring surface over the terrace membrane enabling it to withstand ordinary expected use." Plaintiff's fourth cause of action for breach of contract was based on allegations that the house rules violated the warranty of habitability (Real Property Law § 235-b) because the roof/terrace was not habitable in its current condition.

Defendants-respondents moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), or, in the alternative, for summary

judgment dismissing the complaint. Plaintiff opposed defendants' motion and cross-moved for summary judgment on the third and fourth causes of action. The motion court granted defendants' motion, except for the cause of action for a declaratory judgment on the replacement of the three doors connecting the apartment to the adjacent roof, and the cause of action for breach of contract as against the co-op. In granting the motion to dismiss the other claims, the court found, inter alia, that plaintiff's claims relating to the house rules were time-barred because they should have been brought in a CPLR article 78 proceeding, which has a four-month statute of limitations, not in a plenary proceeding. The motion court denied plaintiff's cross motion for summary judgment.

Both plaintiff and the co-op later moved to reargue portions of their prior motions for summary judgment. Plaintiff also sought leave to amend the complaint to further define the claims previously asserted and to add additional claims against the co-op. The motion court denied plaintiff's motion to reargue and to amend, but granted, in part, the co-op's cross motion to reargue to the extent of granting it summary judgment on that branch of plaintiff's fourth cause of action for breach of the lease provision of quiet enjoyment. The motion court also granted the co-op's separate motion to quash two nonparty subpoenas issued by plaintiff to the co-op's accountant and the co-op's roofer.

Supreme Court properly dismissed, as time-barred, so much of the third cause of action that sought a declaratory judgment that the house rules enacted by the co-op, concerning use of the roof/terrace adjoining plaintiff's penthouse unit, were contrary to the terms of the proprietary lease. Plaintiff's allegations were in the nature of a dispute over the house rules pertaining to the use of the terrace. Where, as here, a cooperative shareholder seeks to challenge a co-op board's action, such challenge is to be made in the form of an article 78 proceeding (*see Katz v Third Colony Corp.*, 101 AD3d 652, 653 [1st Dept 2012] [finding that the shareholder plaintiffs were prohibited from challenging the proprietary of the amendments to the cooperative's bylaws because "they (were) required to have done so via a proceeding pursuant to CPLR article 78 within four months thereof"]; *see also Matter of Dobbins v Riverview Equities Corp.*, 64 AD3d 404 [1st Dept 2009]).

The cases of *Shapiro v 350 E. 78th St. Tenants Corp.* (85 AD3d 601 [1st Dept 2011]), and *Estate of Del Terzo v 33 Fifth Ave. Owners Corp.* (136 AD3d 486 [1st Dept 2016], *affd* 28 NY3d 1114 [2016]) do not dictate a different result, and indeed,

have no application here because they do not involve a challenge to any bylaws or house rules, or other rules promulgated by the board. *Shapiro* concerned the board's failure to maintain the roof appurtenant to the plaintiff's unit, and a finding that this failure "deprived plaintiff of its use, in violation of the offering plan and proprietary lease" (85 AD3d at 602). Similarly, *Estate of Del Terzo* involved the board's "unreasonabl[e] withholding [of] its consent to an assignment of the lease and shares to a member of a lessee's family," which the court determined to be a violation of the proprietary lease (136 AD3d at 486). In contrast here, plaintiff takes issue with the new house rules promulgated by the board, and any attempt to repackage his grievances as a breach of the proprietary lease must fail.

An article 78 proceeding must be commenced within four months after the determination to be reviewed becomes "final and binding upon the petitioner" (CPLR 217 [1]). "A determination generally becomes binding when the aggrieved party is 'notified' " (*Matter of Village of Westbury v Department of Transp. of State of N.Y.*, 75 NY2d 62, 72 [1989]). Here, plaintiff was provided with the final and binding house rules on or about July 27, 2013, yet, he did not commence this plenary action until on or about July 25, 2014, well beyond the four-month statute of limitations.

The motion court also properly denied leave to amend the complaint. As to the proposed amended first cause of action for breach of the proprietary lease based on a breach of the covenant of quiet enjoyment, the motion court determined that the proposed contract claim was barred by the doctrine of the law of the case. The motion court had previously determined that any challenge to the house rules must be made in a special proceeding under article 78; thus, plaintiff's attempt to repackage his dislike of the new house rules requiring him to install the appropriate surface on his apartment's terrace/roof as a breach of the lease by the co-op was properly denied. Plaintiff further sought to amend, inter alia, the claim for declaratory relief (the proposed amended second cause of action) and to add a claim for injunctive relief (the proposed amended third cause of action), asserting, inter alia, that the co-op was obligated to renovate the roof/terrace space and to pay for such renovations. However, and as the motion court noted, it had previously determined that there was no justiciable controversy, and that such claims should have been brought pursuant to a special proceeding under article 78, and thus were time-barred. Moreover, injunctive relief is not available, because money damages are readily ascertainable (*see Mini Mint Inc. v*

*Citigroup, Inc.*, 83 AD3d 596, 597 [1st Dept 2011]; *see also German v S&P Assoc. of N.Y., LLC*, 139 AD3d 524, 525 [1st Dept 2016]). Further, although the implied warranty of habitability applies to shareholders of co-op apartments (*Frisch v Bellmarc Mgt.*, 190 AD2d 383, 384-385 [1st Dept 1993]), a terrace that is safe and suitable for plaintiff's own exclusive, outdoor use is an amenity, not an essential function that the co-op must provide (*see Solow v Wellner*, 86 NY2d 582, 588 [1995]).

The motion court providently exercised its discretion when it quashed plaintiff's nonparty subpoenas, which largely sought information that is irrelevant to the issues in this action (*Matter of Kapon v Koch*, 23 NY3d 32, 38 [2014]; *Haron v Azoulay*, 132 AD3d 475, 475 [1st Dept 2015]). While some information sought from the co-op's accountant might be useful, it was not the court's obligation to prune the overly broad subpoenas (*Kimmel v Paul, Weiss, Rifkind, Wharton & Garrison*, 214 AD2d 453, 453-454 [1st Dept 1995]).

Finally, no appeal lies from the denial of plaintiff's motion to reargue (*Jones v 170 E. 92nd St. Owners Corp.*, 69 AD3d 483 [1st Dept 2010]; *see* CPLR 5701 [a] [2] [viii]). Concur—Tom, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.