Napoli v Bern (2020 NY Slip Op 05687)





Napoli v Bern


2020 NY Slip Op 05687


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Gische, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 161423/15, 161529/18 Appeal No. 12056N-12057N [M-2734 & M-2735] Case No. 2019-1756, 2019-3384 

[*1]Marie Kaiser Napoli, Plaintiff-Appellant,
v
Marc Jay Bern, et al., Defendants-Respondents. Law Offices of Clifford James, et al., Nonparty Respondents. Maria Kaiser Napoli, Plaintiff-Appellant,


Napoli Shkolnik PLLC, New York (Salvatore C. Badala of counsel), for appellant.
Law Offices of Clifford James, New York (Clifford James of counsel), for Law Offices of Clifford James and Vanessa Dennis, for nonparty respondents.
Kaufman, Borgeest & Ryan, LLP, New York (Eldar Mayouhas of counsel), for New York Pathways, respondent.
Furman Kornfeld & Brennan LLP, New York (Shari Sckolnick of counsel), for Clifford James and Law Offices of Clifford James, respondents.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered February 25, 2019, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to compel the production of nonparty Vanessa Dennis' treatment records at nonparty New York Pathways, granted Dennis' and Pathways' motions for protective orders regarding those same records, and granted nonparty Clifford James' motion to quash a subpoena for all communications and documents between him, defendants and the media, unanimously affirmed, with costs.
Appeal from orders, same court and Justice, entered April 3, 2019, which denied plaintiff's motion to compel disclosure of nonparty Pathways' records, unanimously dismissed, without costs.
The motion court providently exercised its discretion by denying plaintiff's request to compel disclosure of nonparty Dennis' medical records. Even assuming that the records are relevant, plaintiff failed to show that the confidentiality protections applicable to such records were waived (see Gumbs v Flushing Town Ctr. III, L.P., 114 AD3d 573, 574 [1st Dept 2014]). The court also providently exercised its discretion in quashing plaintiff's overly broad subpoena issued to nonparty James in this action (see e.g. Haron v Azoulay, 132 AD3d 475, 475—476 [1st Dept 2015]).
We have considered and rejected plaintiff's remaining arguments.
The right of direct appeal from the April 3, 2019 orders terminated upon entry of a final judgment, and the orders may only be reviewed upon appeal from the final
judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]). Were we to review plaintiff's claims, we would find them unavailing. M—2734, 2753—Napoli v James
Motions to dismiss appeals granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020