Doyle v Goodnow Flow Assn., Inc. (2021 NY Slip Op 02580)





Doyle v Goodnow Flow Assn., Inc.


2021 NY Slip Op 02580


Decided on April 29, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 29, 2021

531136
[*1]Richard J. Doyle et al., Respondents,
v
Goodnow Flow Association, Inc., Appellant.

Calendar Date:March 18, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Walsh & Walsh, LLP, Saratoga Springs (Jesse P. Schwartz of counsel), for appellant.
FitzGerald Morris Baker Firth, PC, Glens Falls (Michael Crowe of counsel), for respondents.



Garry, P.J.
Appeal from an order of the Supreme Court (Bruening, J.), entered March 10, 2020 in Essex County, which denied defendant's motion to dismiss the complaint.
Defendant, a not-for-profit corporation, owns the land underneath Goodnow Flow, a man-made lake located in Essex County, and maintains the dam and spillway supporting the lake (see Goodnow Flow Assn. Inc. v Graves, 135 AD3d 1228, 1229 [2016]). While the property surrounding and abutting the lake was subdivided into lots and sold, defendant was incorporated to acquire and lease lands for the recreational use of its members, i.e., the people who own those lots. Plaintiffs are members of defendant who own multiple preexisting contiguous lots abutting the lake.
Defendant's members are required to pay annual dues (see id. at 1229-1230). Under defendant's prior bylaws, dues were assessed against "[t]he owner of every currently deeded lot on [the lake] . . ., except where an owner of a lot for which [dues] are paid also owns an adjacent vacant lot or lots, in which case no [dues] shall be owed for the adjacent vacant lot or lots." At its annual meeting in September 2017, defendant's members amended that section of its bylaws to state that "[o]wners of multiple lots shall pay [dues] for each lot. Beginning with dues year 2019 the owner of a lot that was created by merging multiple pre-existing lots . . . into a single unified metes and bounds deed description shall [pay dues] for only that lot, provided he or she can demonstrate by deed restriction that such lot cannot be subdivided." In May 2019, plaintiffs commenced this ostensible declaratory judgment action asserting seven causes of action, all of which pertain to, and challenge defendant's reliance upon or ability to enforce, the amended bylaws. Defendant moved to dismiss the complaint for failing to state a cognizable claim and because the claims are time-barred. Supreme Court denied the motion, prompting defendant's appeal.
"Although declaratory judgment actions are typically governed by a six-year statute of limitations, if the underlying dispute could have been resolved through an action or proceeding for which a specific, shorter limitations period governs, then such shorter period must be applied" (Spinney at Pond View, LLC v Town Bd. of the Town of Schodack, 99 AD3d 1088, 1088-1089 [2012] [internal quotation marks and citations omitted]; see Gress v Brown, 20 NY3d 957, 959 [2012]; Matter of Town of Olive v City of New York, 63 AD3d 1416, 1418 [2009]). This inquiry into the true nature of the dispute — and the time limitation applicable thereto — requires the court to "'examine the substance of that action to identify the relationship out of which the claim arises and the relief sought'" (Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 202 [1987], quoting Solnick v Whalen, 49 NY2d 224, 229 [1980]; see Thrun v Cuomo, 112 AD3d 1038, 1040 [2013], lv denied 22 NY3d 865 [2014]; Matter of Capital Dist. Regional Off-Track [*2]Betting Corp. v New York State Racing & Wagering Bd., 97 AD3d 1044, 1045 [2012]). Not-for-profit corporations, such as defendant, "can be compelled in a [CPLR] article 78 proceeding to fulfill not only obligations imposed upon them by [s]tate or municipal statutes but also those imposed by their internal rules" (Bango v Gouverneur Volunteer Rescue Squad, Inc., 101 AD3d 1556, 1557 [2012] [internal quotation marks and citation omitted]; see CPLR 7802 [a]). In contrast to the six-year statute of limitations for declaratory judgment actions (see CPLR 213 [1]), CPLR article 78 proceedings must be commenced within four months after a challenged determination becomes final and binding (see CPLR 217 [1]; Matter of School Adm'rs Assn. of N.Y. v New York State Dept. of Civ. Serv., 124 AD3d 1174, 1176 [2015], lv denied 26 NY3d 904 [2015]; Matter of Town of Olive v City of New York, 63 AD3d at 1418).
Supreme Court concluded that the action being challenged was a legislative act, which cannot be challenged in a CPLR article 78 proceeding but must be maintained in a declaratory judgment action. However, the cases addressing legislative acts deal with challenges to "governmental activity," rather than the activity of nonpublic corporations (Matter of Frontier Ins. Co. v Town Bd. of Town of Thompson, 252 AD2d 928, 929 [1998]; see e.g. South Liberty Partners, L.P. v Town of Haverstraw, 82 AD3d 956, 958 [2011]; Schulz v Town Bd. of Town of Queensbury, 253 AD2d 956, 956 [1998], appeal dismissed 93 NY2d 847 [1999], lv denied 93 NY2d 808 [1999]). This is an important distinction as the rule prohibiting the use of CPLR article 78 proceedings to challenge acts of legislative bodies "is derived from the separation-of-powers doctrine," and so "has no application to the quasi-legislative acts of administrative agencies" (New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194, 204 [1994]; see Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194 [2007]; Matter of Capital Dist. Regional Off-Track Betting Corp. v New York State Racing & Wagering Bd., 97 AD3d at 1045). Similarly, it does not apply to the actions or decisions of nonpublic corporations.
The complaint's second through seventh causes of action all challenge the amended bylaws or defendant's application of them to plaintiffs. In the portion of the complaint's wherefore clause addressing those causes of action, plaintiffs request "a judgment declaring the [a]mended [b]y-laws invalid and void." Annulment of a corporate body's actions is a prototypical type of relief in a CPLR article 78 proceeding (see CPLR 7803 [2], [3]; 7806). The first cause of action is styled as an RPAPL article 15 action for a determination and declaration that defendant has no claim or interest in plaintiffs' real property. Whether defendant's alleged interest in plaintiffs' property is based on the imposition of restrictive covenants or the possibility of a lien if plaintiffs fail to pay dues on multiple lots[*3], any such alleged interest would be based on the amended bylaws. Accordingly, though all of plaintiffs' causes of action are couched in declaratory judgment language, they can be distilled to challenges to defendant's enactment of the amended bylaws that could have been raised in a CPLR article 78 proceeding and are therefore subject to a four-month statute of limitations (see Laker v Association of Prop. Owners of Sleepy Hollow Lake, Inc., 172 AD3d 1660, 1661 [2019]). Indeed, other courts have held that a challenge to a corporation's amendment of its bylaws must be raised via a CPLR article 78 proceeding commenced within four months of such amendment (see e.g. Katz v Third Colony Corp., 101 AD3d 652, 653 [2012]; see also Ciccone v One W. 64th St., Inc., 171 AD3d 481, 481 [2019]; Musey v 425 E. 86 Apts. Corp., 154 AD3d 401, 403-404 [2017], lv dismissed 31 NY3d 1065 [2018]).
The statute of limitations begins to run on a corporation's action or determination when it "becomes final and binding" (CPLR 217 [1]), which occurs when the aggrieved party receives notice of the action (see Matter of Village of Westbury v Department of Transp. of State of N.Y., 75 NY2d 62, 72 [1989]; Musey v 425 E. 86 Apts. Corp., 154 AD3d at 404; Matter of Olszewski v Cannon Point Assn., Inc., 148 AD3d 1306, 1308 [2017]), or when it is publicly announced (see Matter of Town of Olive v City of New York, 63 AD3d at 1418). In September 2017, defendant mailed all its members, including plaintiffs, a copy of the minutes of the annual meeting at which the bylaws were amended, which included the language of the amendments. In October 2017, defendant sent all members a complete revised copy of its bylaws reflecting the new amendments. Plaintiff commenced this action in May 2019, well beyond the four-month statute of limitations. Therefore, the action must be dismissed as untimely (see Musey v 425 E. 86 Apts. Corp., 154 AD3d at 404; Katz v Third Colony Corp., 101 AD3d at 653; Buttitta v Greenwich House Coop. Apts., Inc., 11 AD3d 250, 251 [2004]).
Lynch, Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, motion granted and complaint dismissed.