Smith v State of New York (2022 NY Slip Op 00344)





Smith v State of New York


2022 NY Slip Op 00344


Decided on January 20, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 20, 2022

531841
[*1]Lori Smith, Appellant,
v
State of New York et al., Respondents.

Calendar Date:December 15, 2021

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

Government Justice Center, Inc., Albany (Cameron J. Macdonald of counsel), for appellant.
Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondents.



Pritzker, J.
Appeal from an order of the Supreme Court (Ferreira, J.), entered June 15, 2020 in Albany County, which granted defendants' motion to dismiss the complaint.
Plaintiff is a certified equine sports massage therapist. She is not, however, a licensed veterinarian or veterinary technician, nor is she licensed to provide human massage therapy. Following certification in July 2017 by a private New Jersey company, plaintiff returned to New York and endeavored to establish her own business providing equine massage therapy, with the business name "Five Feathers Equine Massage." In June 2018, plaintiff was contacted by phone by the Education Department's Office of Professional Discipline (hereinafter OPD) and informed by a senior investigator that her use of the word "massage" in the title of her business and her offering equine massage services may be in violation of the Education Law. OPD sent plaintiff a follow-up letter dated July 11, 2018, in which OPD enclosed a compliance agreement for plaintiff to sign and return, detailing the laws that plaintiff could be violating and containing a clause affirming her agreement to cease all actions violating those laws. Following the interaction with OPD, plaintiff took down her website and discontinued offering equine massage therapy; however, she did not sign or return the letter of compliance.
Plaintiff commenced this action on June 25, 2019 alleging that the interpretation of state laws that allow only licensed veterinarians or veterinary technicians to practice animal care, coupled with laws that define massage therapy as only that which is practiced on humans, results in "absurd, arbitrary . . . and inconsistent results." She further claimed that, because of this interpretation, animal massage is considered a part of veterinary medicine when it is more akin to routine animal care, which results in its criminalization when carried out by someone unlicensed in veterinary medicine. Plaintiff sought declaratory relief, citing due process and equal protection violations under both the NY and US Constitutions, as well as a violation of the Privileges or Immunities Clause of the US Constitution. Defendants filed a pre-answer motion to dismiss the complaint stating, as relevant herein, that the claim was time-barred under the four-month statute of limitations period in which an administrative decision can be challenged under CPLR article 78. Plaintiff opposed defendants' motion and, following oral argument, Supreme Court found that plaintiff's challenge should have been commenced in a CPLR article 78 proceeding within four months of the July 2018 letter, which the court found to be a final and binding determination. Supreme Court held that the complaint was therefore time-barred and granted defendants' motion to dismiss. Plaintiff appeals.
Plaintiff contends that her constitutional challenges were to the state's veterinary laws and that a declaratory judgment action, rather than a CPLR article 78 proceeding[*2], is the proper recourse. Thus, she claims, Supreme Court erred in not applying the statute of limitations as to declaratory judgments, under which her action would not be time-barred. "Although declaratory judgment actions are typically governed by a six-year statute of limitations, if the underlying dispute could have been resolved through an action or proceeding for which a specific, shorter limitations period governs, then such shorter period must be applied. This inquiry into the true nature of the dispute — and the time limitation applicable thereto — requires the court to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought" (Doyle v Goodnow Flow Assn., Inc., 193 AD3d 1309, 1310 [2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 911 [2021]; see Thrun v Cuomo, 112 AD3d 1038, 1040 [2013], lv denied 22 NY3d 865 [2014]). "Where . . . the challenge brought is to a quasi-legislative act or decision made by an administrative agency, it is well settled that the proper vehicle for such review is a CPLR article 78 proceeding and the four-month statute of limitations applies" (Matter of Capital Dist. Regional Off-Track Betting Corp. v New York State Racing & Wagering Bd., 97 AD3d 1044, 1045 [2012] [citations omitted]; see Matter of Town of Stony Point v State of N.Y. Dept. of Fin., Off. of Real Prop. Servs., 107 AD3d 1217, 1218 [2013]).
Here, Supreme Court properly determined that plaintiff's claim is borne out of her interaction with OPD and, as such, should have been commenced in a CPLR article 78 proceeding. The record supports the court's finding that plaintiff's main contention is not that the Education Law is unconstitutional, but rather is centered around OPD's application of the law to her equine massage practice in particular, which stems from her correspondences with OPD in June and July 2018. The court noted — and plaintiff also acknowledged in her opposing papers — that the Education Law does not reference the practice of massage as related to veterinary practice, further bolstering its finding that plaintiff's challenge is to the administrative application of the law and not the law itself. Though plaintiff presents her claims as constitutional challenges, at their essence they derive from OPD's application of the laws and its communications with plaintiff of their interpretations (see Doyle v Goodnow Flow Assn., Inc., 193 AD3d at 1312; Spinney at Pond View, LLC v Town Bd. of the Town of Schodack, 99 AD3d 1088, 1089 [2012]). Therefore, Supreme Court correctly concluded that the matter was governed by a four-month statute of limitations.
Further, although a close question, we do not find that Supreme Court erred in determining that the July 2018 letter with the proposed compliance agreement was a final and binding decision, thus commencing the statute of limitations. As relevant here, "a proceeding against a body or officer must be commenced [*3]within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]). The two requirements for determining finality in this context are "the agency must have arrived at a definite position on the issue inflicting actual injury, and the injury may not be significantly ameliorated either by further administrative action or steps taken by the complaining party" (Matter of Comptroller of City of N.Y. v Mayor of City of N.Y., 7 NY3d 256, 262 [2006]; see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]). This rule, however, "is easier stated than applied" (Matter of Essex County v Zagata, 91 NY2d 447, 453 [1998]; see Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 197 [2007, Smith, J., concurring]). "The policy underlying the short time frame recognizes that 'the operation of government agencies should not be unnecessarily clouded by potential litigation'" (Matter of Catskill Regional Off-Track Betting Corp. v New York State Racing & Wagering Bd., 56 AD3d 1027, 1029 [2008], quoting Matter of Best Payphones, Inc. v. Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d at 34).
To constitute a final and binding determination, the determination must have "impact upon the petitioner who is thereby aggrieved" (Matter of Edmead v McGuire, 67 NY2d 714, 716 [1986] [internal quotation marks and citation omitted]; see Matter of 101CO, LLC v New York State Dept. of Envtl. Conservation, 169 AD3d 1307, 1308-1309 [2019], lv dismissed 34 NY3d 1010 [2019]). "When making the determination as to whether an agency determination is final, courts must consider the completeness of the administrative action and make a pragmatic evaluation as to whether a position has been reached that inflicts an actual, concrete injury" (Matter of Capital Dist. Regional Off-Track Betting Corp. v New York State Racing and Wagering Bd., 97 AD3d at 1046 [citations omitted]). The administrative agency bears the burden of establishing the defense (see Matter of Richmond Med. Ctr. v Daines, 101 AD3d 1434, 1435 [2012]; Matter of Feldman v New York State Teachers' Retirement Sys., 14 AD3d 769, 770 [2005]).
Our review of the record reveals that, no later than July 11, 2018, OPD believed that plaintiff was violating Education Law § 7802 by furnishing equine message, which the agency considered to be the unauthorized practice of veterinary medicine. OPD sought to have plaintiff execute a compliance agreement, which stated, among other things: "I have been advised that the aforementioned sections of law may [FN1] have been violated in that I have been using the term [m]assage in my business name . . . and offering massage services for [e]quine, which constitutes the practice of [v]eterinary [m]edicine. I declare that I will cease any actions that may have been violative of the New York State Education Law cited above and will in the future comply with all provisions [*4]of that law" (emphasis added). OPD's position that plaintiff's provision of equine massage "constitut[ed] the practice of [v]eterinary [m]edicine" was definite at this point and, accordingly, OPD was requiring plaintiff to immediately cease such massages without offering any other options (see Matter of Essex County v Zagata, 91 NY2d at 454). Further, the position taken by OPD — that plaintiff must cease offering equine massage because it may violate the Education Law — caused actual, concrete injury to plaintiff as she took down her website and no longer pursued equine massage (see generally Fulton County Economic Dev. Corp. v New York State Auths. Budget Off., 100 AD3d 1335, 1336 [2012]; Matter of Capital Dist. Regional Off-Track Betting Corp. v New York State Racing and Wagering Bd., 97 AD3d at 1046; Egan v Niagara Mohawk Power Corp., 214 AD2d 850, 852-853 [1995], lv denied 86 NY2d 705 [1995]). As plaintiff's action was commenced in June 2019, well after the four-month statute of limitations had expired, it was time-barred and Supreme Court properly granted defendants' motion.
Egan Jr., J.P, Clark and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Although the use of the word "may" is ambiguous, any uncertainty as to the position of OPD or the nature of the decision is ameliorated by the remainder of the compliance agreement, which informs plaintiff to stop offering equine massages even if it "may" only violate the Education Law.