Dau v 16 Sutton Place Apt. Corp. (2022 NY Slip Op 03315)





Dau v 16 Sutton Place Apt. Corp.


2022 NY Slip Op 03315


Decided on May 19, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 19, 2022

Before: Manzanet-Daniels, J.P., Kern, Singh, Kennedy, Mendez, JJ. 


Index No. 652954/20 Appeal No. 15778-15778A Case No. 2021-02974, 2022-00037 

[*1]Barbara E. Dau, Plaintiff-Respondent,
v
16 Sutton Place Apartment Corporation et al., Defendants-Appellants. 


Braverman Greenspun, P.C., New York (Tracy Peterson of counsel), for appellants.
Wasserman Grubin & Rogers, LLP, New York (Isabel D. Knott of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered July 13, 2021, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the first, third, fourth, fifth, sixth, eighth, ninth, tenth, and twelfth causes of action unanimously modified, on the law, to dismiss the first, third, fourth, fifth, sixth, eighth, ninth, and tenth causes of action as against defendant 16 Sutton Place Apartment Corporation (the corporation), and to dismiss the first, third, fourth, sixth, eighth, ninth, tenth, and twelfth causes of action as against defendant Board of Directors of 16 Sutton Place Apartment Corporation (the board of directors), and otherwise affirmed, without costs. Order, same court and Justice, entered December 30, 2021, which granted defendants' motion for leave to reargue, and, upon reargument, adhered to its original determination, unanimously dismissed, without costs, as academic.
The first, eighth, ninth, and tenth causes of action challenge a 2019 amendment to the proprietary lease, which shifted responsibility for maintenance, repair and replacement work on private shareholder terraces from the corporation to the shareholders with terraces. Plaintiff alleges that the amendment breached the portions of the proprietary lease providing that the corporation has an ongoing duty to maintain the structural elements of the building, including terraces, and that shareholder consent is required for amendments which would increase that shareholder's proportionate share of cash requirements. Based on these allegations, plaintiff seeks monetary damages and equitable relief stemming from the 2019 amendment.
"Where . . . a cooperative shareholder seeks to challenge a co-op board's action, such challenge is to be made in the form of an article 78 proceeding" and must be commenced within four months after the determination to be reviewed becomes "'final and binding upon the petitioner'" (Musey v 425 E. 86 Apts. Corp., 154 AD3d 401, 403-404 [1st Dept 2017][quoting CPLR 217[1]]). "'A determination generally becomes binding when the aggrieved party is 'notified'" (id. at 404 [internal citation omitted]).
Since the first, eighth, ninth, and tenth causes of action challenge the enactment of the amendment, plaintiff's time to commence this action began to run from the date she received notice that the amendment was enacted and effective. The board of directors informed plaintiff that the 2019 amendment was enacted and effective on July 1, 2019, yet this action was not commenced until July 2020, well beyond the four-month statute of limitations. Accordingly, all four causes of action challenging the amendment are time-barred (see Ciccone v One W. 64th St., Inc., 171 AD3d 481, 481 [1st Dept 2019]; Katz v Third Colony Corp., 101 AD3d 652, 653 [1st Dept 2012]; Matter of Dobbins v Riverview Equities Corp., 64 AD3d 404, 404 [1st Dept 2009]; see also Doyle v Goodnow Flow Assn., Inc., 193 AD3d 1309, 1312 [3d Dept [*2]2021], lv denied 37 NY3d 911 [2021]). Since the core of the claims challenge the 2019 amendment as promulgated by the board of directors, plaintiff's attempt to repackage her grievance as a breach of the proprietary lease is unavailing (see Musey, 154 AD3d at 404).
The third cause of action (fraud in the inducement) and the fourth cause of action (fraud) should also be dismissed on the ground that they are vague, conclusory and are not pleaded with the specificity required by CPLR 3016(b). Plaintiff fails to plead that the alleged misrepresentations concerning the building in defendants' Local Law 11 reports were made specifically to her and that she relied upon the misrepresentations to her detriment (see Garza v Nunz Realty, LLC, 187 AD3d 467, 467 [1st Dept 2020]). Plaintiff also fails to allege who prepared the filings that were sent to the Department of Buildings, when and to what end the filings were falsified and the source of the information upon which plaintiff alleged facts upon information and belief (see DDJ Mgt., LLC v Rhone Group L.L.C., 78 AD3d 442, 443 [1st Dept 2010]). Even if the alleged misrepresentations were made, the fraud claims are still barred because an inspection of the apartment and building would have revealed the conditions that were allegedly falsified (see Woods v 126 Riverside Dr. Corp., 64 AD3d 422, 423 [1st Dept 2009], lv denied 14 NY3d 704 [2010]).
To the extent that the fifth cause of action (breach of fiduciary duty) relies on any alleged breach that occurred before July 7, 2017, it is time-barred because claims for breach of fiduciary duty seeking money damages are subject to a three-year statute of limitations (CPLR 214[4]; see Romanoff v Romanoff, 148 AD3d 614, 616 [1st Dept 2017]). The remaining allegations of breach of fiduciary duty made against the corporation must be dismissed because the corporation does not owe a fiduciary duty to its shareholders (see Peacock v Herald Sq. Loft Corp., 67 AD3d 442, 443 [1st Dept 2009]). However, with respect to alleged breaches of fiduciary duty against the board of directors, the complaint sufficiently alleges, with the requisite specificity, that plaintiff was subject to unequal treatment with respect to her terrace. While the board of directors may be able to establish through discovery that its actions were in fact a proper exercise of its business judgment (see generally Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530 [1990]), that determination cannot be made on a motion to dismiss under CPLR 3211.
The sixth cause of action (breach of the implied warranty of habitability) must also be dismissed for failure to state a claim. Plaintiff alleges that defendants encumbered the terrace at a time when she admittedly did not even live in the apartment. Further, with respect to the allegations of harassment by another shareholder, plaintiff does not allege any facts suggesting that defendants controlled the shareholder's actions (see Virella v 245 N. [*3]St. Hous. Dev. Fund Corp., 188 AD3d 1618, 1619 [4th Dept 2020]).
The twelfth cause of action, which seeks a declaration that the 2019 amendment, if found to be valid, is effective only prospectively, must be dismissed as against the board of directors, since it relates to the enforcement of the proprietary lease to which the board is not a party. The claim may, however, proceed against the corporation, as
plaintiff adequately alleges a justiciable controversy with respect to the parties' obligations for conditions existing before the enactment of the 2019 amendment (CPLR 3001).
We have considered the parties' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022