## Magee v Board of Educ. of the City Sch. Dist. of the City of N.Y.

2024 NY Slip Op 30530(U)

February 20, 2024

Supreme Court, New York County

Docket Number: Index No. 156450/2022

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. JUDY H. KIM        PART           04

*Justice*

-------------------------------------------------------------------------------X

KEVIN MAGEE,

                    Petitioner,

            - v -

THE BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK, COMMUNITY
SCHOOL DISTRICT 75 OF THE BOARD OF EDUCATION
OF THE CITY OF NEW YORK, UNITED FEDERATION OF
TEACHERS,

                    Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156450/2022 |
| MOTION DATE | 08/03/2022, 02/13/2023 |
| MOTION SEQ. NO. | 001 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 23, 24, 25, 26, 27, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 59, 77, 78, 79, 80, 81, 82, 83, 84

were read on this motion for         ARTICLE 78 (BODY OR OFFICER)    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 85

were read on this motion to         AMEND CAPTION/PLEADINGS    .

        In this special proceeding, petitioner alleges that in February 2002, he began working as a teacher for the New York City Department of Education ("DOE") (NYSCEF Doc. No. 1 [Petition at ¶7]). On August 24, 2021, the New York City Commissioner of the Department of Health and Mental Hygiene ("DOHMH") issued an order requiring all DOE employees to submit proof of their COVID-19 vaccinations by September 27, 2021 (the "DOHMH Order") (Id. at ¶10; see also NYSCEF Doc. No. 5). On September 20, 2021, petitioner applied for a religious exemption from the DOHMH Order (NYSCEF Doc. No. 1 [Petition at ¶13).

**156450/2022  MAGEE, KEVIN vs. THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL**
**Motion No.  001 003**

**Page 1 of 6**

1 of 6

On September 22, 2021, the DOE denied petitioner's request for a religious exemption (Id.). On December 3, 2021, petitioner appealed that denial (Id. at ¶16). On March 28, 2022, petitioner was notified that the City of New York's Reasonable Accommodation Appeals Panel (the "Appeals Panel") denied his appeal and that his employment would be terminated if he did not submit proof of vaccination against COVID-19 by April 1, 2022 (Id. at ¶18; NYSCEF Doc. No. 13). Petitioner failed to do so and on April 11, 2022, the DOE notified petitioner that his employment was terminated, effective April 7, 2022 (NYSCEF Doc. Nos. 1 [Petition at ¶19] and 14).

On August 3, 2022, petitioner commenced this proceeding against the DOE, Community School District 75 of the Board of Education of the City of New York (collectively, the "City"), and his union, the United Federation of Teachers, seeking an order: (i) declaring that the denial of his religious accommodation and subsequent termination were arbitrary and capricious; (ii) directing respondents to vacate petitioner's termination and declare him exempt from the DOHMH's Order; and (iii) awarding petitioner employment benefits from October 4, 2021 to present.

On October 26, 2022, the City interposed an answer which, inter alia, asserted an affirmative defense that this proceeding is untimely under the applicable four-month statute of limitations.

On February 13, 2023, petitioner moved to amend the petition to allege, as pertinent here, that "[o]n or about February 6, 2023, the City modified the April 11, 2022 termination condition to give [petitioner] back his position as a tenured teacher if the Petitioner agrees waives back pay and civil service rights in writing" (NYSCEF Doc. No. 70 [Proposed Am. Petition at ¶21]). In connection with that motion, petitioner notes that on February 6, 2023, the City rescinded the

**156450/2022   MAGEE, KEVIN vs. THE BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK ET AL
Motion No.  001 003**

**Page 2 of 6**

2 of 6

COVID-19 vaccine mandate and permitted those DOE employees who were terminated for failing to provide proof of vaccination against COVID-19 to apply for reinstatement upon certain conditions (NYSCEF Doc. No. 72) and argues that this change in policy "shows that neither the determination by the [Appeals Panel] on March 28, 2022, nor the termination notice on April 11, 2022 was final and binding within the meaning of CPLR §217." The City opposes petitioner's motion to amend, arguing that the proposed amendments are futile since petitioner's claims stemming from the denial of his religious accommodation remain time-barred.[1]

## DISCUSSION

The petition is dismissed as untimely. Pursuant to CPLR §217(1), an Article 78 "proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR §217[1]). An agency action is final and binding upon the petitioner when the agency has reached "a definitive position on the issue that inflicts actual, concrete injury" and "the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (Best Payphones, Inc. v Dept. of Info. Tech. & Telecom., 5 NY3d 30, 34 [2005] [internal quotations omitted]). "A determination generally becomes binding when the aggrieved party is notified" of that determination (Johnson v The City of New York, 2023 NY Slip Op 31967[U] [Sup Ct, NY County 2023] citing Musey v 425 E. 86 Apts. Corp., 154 AD3d 401, 404 [1st Dept 2017]).

---

[1] On July 3, 2023, plaintiff e-filed a letter to this Court requesting permission for supplemental briefing to address the applicability of a recent decision of the United States Supreme Court, Groff v DeJoy, 600 US 447 (2023). The Court declines to grant this request. Groff clarifies an employer's burden in establishing that an accommodation of an employee's religious practice would impose an "undue hardship on the conduct of the employer's business" under Title VII of the Civil Rights Act of 1964 and has no bearing on the grounds for the denial and dismissal of this special proceeding.

**156450/2022   MAGEE, KEVIN vs. THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL**
**Motion No.  001 003**

**Page 3 of 6**

3 of 6

Here, the Appeals Panel's March 28, 2022 denial of petitioner's religious accommodation constituted a final decision that inflicted an actual, concrete injury (See e.g., Demerest v New York City Police Dept., 2023 NY Slip Op 30232[U] [Sup Ct, NY County 2023]; see also Mendez v Fire Dept. of the City of New York, 2023 NY Slip Op 31589[U] [Sup Ct, NY County 2023]). Petitioner does not dispute that he was notified of the denial of his appeal on March 28, 2022. Therefore, the four-month statute of limitations began to run on that date and elapsed on July 28, 2022. Since petitioner commenced this special proceeding on August 3, 2022, his claims arising out of the denial of his religious exemption are untimely. Petitioner's contention that the limitations period for such claims began to run on the date he was notified of his termination—i.e., April 11, 2022— is without merit (See Musey v 425 E. 86 Apts. Corp., 154 AD3d 401, 404 [1st Dept 2017]). Accordingly, all claims stemming from the denial of petitioner's appeal for a religious accommodation are therefore dismissed.

To the extent that the Petition may be read as also asserting a claim that petitioner's termination violated CPLR §7803(3), such a claim would be timely, insofar as this special proceeding was commenced within four months of petitioner's April 11, 2022 termination. However, this claim fails on its merits. CPLR §7803(3) permits a court to review "whether a determination was ... an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed" (CPLR §7803[3] [emphasis added]), and is inapplicable here—petitioner's termination was neither a penalty nor a disciplinary action but the result of his failure to satisfy a "qualification of employment unrelated to job performance, misconduct, or competency" (Matter of O'Reilly v Bd. of Educ. of the City Sch. Dist. of the City of New York, 213 AD3d 560 [1st Dept 2023] [internal citations omitted]).

**156450/2022  MAGEE, KEVIN vs. THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL**
**Motion No.  001 003**

**Page 4 of 6**

[* 4]

4 of 6

In light of the foregoing, the petition is denied, as is petitioner's motion to amend the petition. While "leave to amend the pleadings is ordinarily freely given" under CPLR §3025(b) (Garcia v NY-Presbyt. Hosp., 114 AD3d 615, 615 [1st Dept 2014]), such "[l]eave will be denied where the proposed pleading … is palpably insufficient as a matter of law" (Thompson v Cooper, 24 AD3d 203, 205 [1st Dept 2005]). Here, inasmuch as the proposed amendment—which would add allegations that "the City modified the April 11, 2022 termination condition to give [petitioner] back his position as a tenured teacher if the Petitioner agrees waives back pay and civil service rights in writing"—would not render petitioner's challenge to the Appeals Panel's denial of his religious accommodation timely or alter the conclusion that petitioner's challenge to his subsequent termination per CPLR §7803(3) does not lie. Accordingly, the proposed amended petition "suffer[s] from the same fatal deficienc[ies] as the original [petition]" (Carey v Trustees of Columbia Univ. in the City of New York, 177 AD3d 452, 452 [1st Dept 2019]) and leave to amend must be denied.

Accordingly, it is

**ORDERED** and **ADJUDGED** that the Petition is denied and this proceeding is dismissed; and it is further

**ORDERED** that petitioner's motion to amend the Petition is denied; and it is further

**ORDERED** that counsel for respondent The Board of Education of the City School District of the City of New York shall, within ten days from the date of this decision, order, and judgment, serve a copy of this decision, order, and judgment, with notice of entry, on petitioner as well as on the Clerk of the Court (60 Centre St., Room 141B) and the Clerk of the General Clerk's Office (60 Centre St., Room 119), who are directed to enter judgment accordingly; and it is further

**156450/2022   MAGEE, KEVIN vs. THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL**
**Motion No.  001 003**

**Page 5 of 6**

5 of 6

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "EFiling" page on this court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision, order, and judgment of the Court.

2/20/2024
DATE

HON. JUDY H. KIM, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**156450/2022 MAGEE, KEVIN vs. THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL**
**Motion No. 001 003**

Page 6 of 6

6 of 6